## PEOPLE *v.* CHURCH.

1. STATUTES—AMENDMENT—CRIMINAL LAW.
    A penal statute is applied as it stood at the time the criminal act is alleged to have been committed, not as it stood prior to amendment whose effectiveness antedated the alleged criminal act.

2. CRIMINAL LAW—DRIVING AUTOMOBILE WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR—BLOOD TEST—AMENDMENT OF STATUTE.
    A person who is charged with driving under the influence of intoxicating liquor must be advised of his right to refuse a chemical test of his blood but need not be advised of his right to have a blood test administered at a nearby hospital where his own physician has refused to administer such a test in view of the elimination from the statute of the specific provision requiring that advice be given him of his right to the test by a physician of his own choosing (PA 1949, No 300, § 625; § 625a, as added by PA 1960, No 148, and amended by PA 1964, No 104).

3. SAME—DRIVING AUTOMOBILE WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR—BLOOD TEST.
    Conviction of defendant, charged with driving an automobile while under the influence of intoxicating liquor, who refused to take blood test upon advice he could so refuse, and whose physician refused to administer such a test for him, *held,* not error, because of failure of police officers to advise him a nearby hospital could administer the test (PA 1949, No 300, § 625; § 625a, as added by PA 1960, No 148, and amended by PA 1964, No 104).

Appeal from Recorder's Court of Detroit; Elliott (Philip), J., presiding. Submitted Division 1 May

REFERENCES FOR POINTS IN HEADNOTES

.[1]  50 Am Jur, Statutes §§ 468, 469.
[2, 3]  7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 260, 332–334.

10, 1966, at Detroit. (Docket No. 1,164.) Decided December 8, 1966. Rehearing denied January 17, 1967. Leave to appeal denied by Supreme Court March 22, 1967. See 379 Mich 756.

Roosevelt Church was convicted of driving a vehicle on a highway while under the influence of intoxicating liquor. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, and *Samuel J. Torina,* Chief Appellate Lawyer, for the people.

*Tauber & Garon,* for defendant.

HOLBROOK, J. The sole issue before this Court on appeal is as follows: Where an accused has been advised of his right to refuse to take a blood test after an arrest on a charge of operating a motor vehicle while under the influence of intoxicating liquor,[1] are the police under an additional duty to advise the accused of his right to take the blood test in a city hospital when the accused's private physician has refused to perform the test?[2]

On July 19, 1965, defendant Roosevelt Church was arrested by a Detroit police officer and within a short time was taken to the scientific laboratory of the Detroit police department. He was interviewed by Patrolman Robert Welch. At trial the following testimony took place:

"*Q.* And did you talk with him at that time?
"*A.* I did. * * *
"*Q.* Did you explain to him about the tests?
"*A.* I did.

---

[1] CLS 1961, § 257.625 (Stat Ann 1960 Rev § 9.2325).
[2] Other possible errors at trial were neither objected to below nor raised on appeal.

"*Q.* And that he had a right to refuse any test if he wished to refuse?

"*A.* I did.

"*Q.* He refused?

"*A.* He refused a drunkometer test.

"*Q.* I see. Did you explain his right to a blood test?

"*A.* I did.

"*Q.* Did he want that?

"*A.* The defendant requested to have a Dr. David McSwain perform the blood test.

"*Q.* What did you do about getting the doctor?

"*A.* I personally called the doctor and talked to him on the phone and the defendant talked to him and the doctor refused to conduct the test."

Defendant's counsel subsequently moved to dismiss the case on the grounds that the police failed to inform the defendant that there was a hospital nearby where the tests could be administered. Defense counsel quoted from PA 1949, No 300, § 625a, as added by PA 1960, No 148 (CLS 1961, § 257.625a, Stat Ann 1961 Cum Supp § 9.2325[1]). The court denied defendant's motion and found the defendant guilty.

At the trial level, defendant's counsel urged compliance with PA 1960, No 148, *supra,* however, this act had been amended by PA 1964, No 104 (Stat Ann 1965 Cum Supp § 9.2325[1]), effective August 28, 1964. This amended act was applicable to the case at hand and is as follows:

"Sec. 625a. (1) In any criminal prosecution relating to driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in such person's blood at the time alleged as shown by chemical analysis of the person's blood, *urine, breath or other bodily substance,* shall be admissible and shall give rise to the following presumptions, and in the event any such tests are given, the results of such

tests shall be made available to the person so charged or his attorney prior to the day of the trial and must be introduced into evidence by the prosecution upon the demand of the defendant:

"(a) If there was at that time 0.05% or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor.

"(b) If there was at that time in excess of 0.05% but less than 0.15% by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

"(c) If there was at that time 0.15% or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor.

"(2) Only a duly licensed physician, or *a licensed* nurse *or medical technician* under the *direction* of a licensed physician, acting at the request of a police officer, can withdraw blood for the purpose of determining the alcoholic content therein under the provisions of this act.

"(3) A person charged with driving a vehicle while under the influence of intoxicating liquor *who takes a chemical test administered under the direction of a police officer as provided in paragraphs (1) and (2) hereof, shall be given a reasonable opportunity to have a person* of his own choosing, administer *one of the chemical tests* as provided in this section within a reasonable time after his detention, and the results of such test shall be admissible if offered by the defendant and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. Any person charged with driving a vehicle while under the influence of intoxicating liquor shall have the right to demand that *one of the tests* provided for in *paragraph (1)* must be given him, provided facilities

are reasonably available to administer such test, and
the results of such test shall be admissible if offered
by the defendant and shall be considered with other
competent evidence in determining the innocence or
guilt of the defendant.

"(4) *The person charged shall be advised of his*
*right to refuse to take any test provided for in this*
*act and* the refusal on the part of any person to
submit to any such test shall not be admissible in
any criminal prosecution relating to driving a ve-
hicle while under the influence of intoxicating liquor.

"(5) The *provision* of this section shall not be
construed as limiting the introduction of any other
competent evidence bearing upon the question of
whether or not the defendant was under the influ-
ence of intoxicating liquor." (Emphasis supplied.)

On appeal counsel correctly cites the act in effect
on the date of the arrest and at trial and urges that
pursuant to this act the police officers were required
to inform the defendant he had the right to have
the blood test administered him at the Detroit Gen-
eral Hospital located close to police headquarters.
It is not disputed by defendant that he was advised
that he could refuse to take any of the tests nor is
the fact disputed that he was advised that he could
have a doctor of his own choice administer the test.

Subsection (3) prior to amendment does contain
the provision: "the defendant shall be advised of
his right to the test provided for in this subsection."
There can be no question but that defendant's posi-
tion is correct if we were to apply PA 1960, No 148
without the amendment in 1964, because of the
stated specific requirement. *People* v. *Lyall* (1964),
372 Mich 607, interpreted the former act wherein
Chief Justice KAVANAGH stated on p 615 in part as
follows: "We need only point out the necessity for
advising defendant as to his right under both sub-
sections (1) and (3) of the statute."

The footnote on that page reads: "Subsection (3) dictates that the accused be advised of his right to have a separate blood test administered at accused's expense by a physician of his own choice."

*People* v. *Koval* (1963), 371 Mich 453, another case dealing with the former act has been commented upon by Professor Lionel H. Frankel, of the Wayne State University Law School, in the 1964 annual survey of criminal law and evidence in Michigan (11 Wayne L Rev 92, 107, 108):

"*People* v. *Koval* held that failure of the arresting officers to advise defendant of his right to take a blood alcohol test required dismissal of the charges against him. The court's ruling was based on a provision of the statute requiring that such advice be given. The statute has since been amended, however, and no longer requires the giving of such advice."

The portion of subsection (3) of the former act that has been deleted by the amendment in 1964 reads as follows: "The defendant shall be advised of his right to the test provided for in this subsection." The legislature by its act has spoken clearly. Subsection (4) was amended by adding the following language: "The person charged shall be advised of his right to refuse to take any test provided for in this act and  *  *  * ." We read subsection (4) as requiring advising such a defendant or accused of his right to refuse a chemical analysis of the blood, urine, breath, or other bodily substance. It is not disputed that defendant was so advised.

Affirmed.

McGregor, P. J., and Quinn, J., concurred.