## PEOPLE *v.* ALFORD.

1. CRIMINAL LAW—DRIVING AUTOMOBILE WHILE UNDER INFLUENCE
   OF INTOXICATING LIQUOR—STATUTES—CHEMICAL TESTS.

   One charged with driving a vehicle under the influence of in-
   toxicating liquor has, under applicable statute, (1) the right
   to refuse to take any tests provided for by the statute, (2)
   a right to have the results of any such test administered
   under police direction admitted in evidence so that he can
   take advantage of the statutory presumptions which deal with
   the amount of alcohol in the blood, (3) a right to demand
   one of the chemical tests provided by statute if facilities are
   reasonably available for its administration, and (4) if he
   takes a chemical test administered under police direction, the
   right to have one of the tests administered by a person of
   his own choosing within a reasonable time after his detention
   (CLS 1961, § 257.625; PA 1949, No 300, § 625a, as added
   by PA 1960, No 148, and amended by PA 1964, No 104).

2. STATUTES—AMENDMENT—DRIVING AUTOMOBILE WHILE UNDER IN-
   FLUENCE OF INTOXICATING LIQUOR—CRIMINAL LAW—CHEMICAL
   TESTS.

   Amendment by legislature, deleting former statutory provision
   that one charged with driving a vehicle under the influence
   of intoxicating liquor must be advised of his right to a
   chemical test *held,* to have indicated a clear intent by the legis-
   lature to dispense with the requirement that such advice be
   given (CLS 1961, § 257.625; PA 1949, No 300, § 625a, as
   added by PA 1960, No 148, and amended by PA 1964, No
   104).

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 260.

3. CRIMINAL LAW — DRIVING AUTOMOBILE WHILE UNDER INFLUENCE
OF INTOXICATING LIQUOR — STATUTES — AMENDMENT — CHEMICAL
TESTS.

Claim by defendant, convicted of driving a vehicle while under
the influence of intoxicating liquor, that his conviction must
be reversed for failure of the arresting officers to advise that
he had a statutory right to one of the chemical tests provided
by statute *held*, without merit, where the amendment to the
applicable statute provided for such right, but deleted prior
statutory requirement that defendant be advised thereof (CLS
1961, § 257.625; PA 1949, No 300, § 625a, as added by PA
1960, No 148, and amended by PA 1964, No 104).

Appeal from Recorder's Court of Detroit; Wood
(Andrew C.), J. Submitted Division 2 June 8,
1967, at Lansing. (Docket No. 2,327.) Decided
November 24, 1967.

Vernor Edward Alford was convicted of driving
an automobile while under the influence of intoxicat-
ing liquor. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *William L. Cahalan*,
Prosecuting Attorney, *Samuel J. Torina*, Chief
Appellate Lawyer, and *Thomas P. Smith*, Assistant
Prosecuting Attorney, for the people.

*Tauber & Garon*, for defendant.

LESINSKI, C. J. The defendant appeals from his
1966 conviction for driving an automobile while
under the influence of alcoholic beverages in viola-
tion of CLS 1961, § 257.625 (Stat Ann 1960 Rev
§ 9.2325).

The defendant was arrested and charged follow-
ing his involvement in an automobile accident. The
arrest was predicated on his staggered walk, slurred
speech, and the odor of alcohol on his breath. At

the trial defendant testified that he was at no time apprised of any right to take or to refuse to take a statutory chemical test.  He further stated that if he had been so advised he would have taken such a test.  The officer who questioned the defendant on the date of the alleged offense was asked on cross-examination about any conversation he might have had with the defendant.  The testimony made no reference to the statute or to the provisions therein which pertain to chemical tests.[1]

Defense counsel moved for a dismissal on the ground that there was no testimony that the defendant was apprised of his right to have a blood test.  The court denied this motion and subsequently found the defendant guilty.

Defendant asks this Court to determine that failure to apprise him of the right to a statutory chemical test was a deprivation of his rights which mandates reversal.

The trial judge based his denial of the motion on the fact that, as no test was given, there was no reason for any testimony pertaining to a test. He did, however, recognize in his remarks the defendant's statutory right to demand a blood test.

The people's argument follows the reasoning of the court below.  They assert that the right to a blood test is relevant only if demanded by the defendant.  The defendant made no such demand. The people maintain that since the defendant was not given a test, there was no need to advise him that he could refuse a test or to inform him that he could exercise his right to demand that a person of his own choosing administer one of the tests provided.

---

[1] PA 1964, No 104, amending PA 1949, No 300, § 625a, as added by PA 1960, No 148 (CLS 1961, § 257.625a [Stat Ann 1965 Cum Supp § 9.2325(1)]).

In *People* v. *Church* (1966), 5 Mich App 303, which was cited in both appellate briefs, this Court had occasion to review the statutory provisions relating to statutory chemical tests.[2] The specific holding in *Church* was that an accused, who has been advised of his right to refuse to take a blood test after an arrest on a charge of operating a motor vehicle while under the influence of intoxicating liquor, was not entitled to be apprised by the police of his right to have a blood test in a city hospital after his private physician had refused to conduct the test.

The essential difference in the issue presented by the instant case and that of *Church* is that facts here do not show that the accused was ever advised of a test, whereas in *Church,* it was undisputed that the accused was advised that he could refuse to take any tests. It was also undisputed that he was advised that he could have a doctor of his own choice administer the test.

It was previously held, as noted in *Church,* that the giving of advice was mandatory,[3] as prior to the 1964 amendment of this statute, language in two subsections[4] thereof required that the advice here sought be given. This language was deleted by the amendment.

As the statute stood for the purposes of this case and before the 1967 revision, the accused had a right to refuse to take *any* test provided for in this act;[5] a right to have the results of any such test administered under police direction admitted in

[2] Since the applicable statute is set forth in its entirety in *People* v. *Church* (1966), 5 Mich App 303, 305–307, with the amended portions italicized, we deem it unduly repetitious to repeat the statute here.

[3] See *People* v. *Lyall* (1964), 372 Mich 607; *People* v. *Koval* (1963), 371 Mich 453.

[4] The statute prior to amendment is set forth in *People* v. *Koval, supra,* at 454–456.

[5] Subsection (4) of CLS 1961, § 257.625a, *supra,* as amended.

evidence so that he can take advantage of the statutory presumptions which deal with the amount of alcohol in the blood;[6] a right to demand one of the chemical tests provided by statute if facilities are reasonably available for its administration;[7] and, if he took a chemical test administered under police direction, the right to have one of the tests administered by a person of his own choosing within a reasonable time after his detention.[8]

The legislature clarified its intent to dispense with the requirement of advice when it deleted the language requiring that such advice be given. It compensated for this deletion by adding a specific requirement that the person charged be advised of his right to refuse to take any such test. It then retained the wording requiring that the test results be available on demand, and enlarged the defendant's right to demand any of the tests where facilities were reasonably available for its administration.

One accused under the statute is protected thereby. None of this defendant's rights were violated as none of the statutory rights were denied him. The people proved their case with other competent evidence as was within the ambit of the statute.[9]

No reversal is required under these facts.

Affirmed.

· J. H. GILLIS and QUINN, JJ., concurred.

---

· [6] Subsection (1) of CLS 1961, § 257.625a, *supra,* as amended.
[7] Subsection (3) of CLS 1961, § 257.625a, *supra,* as amended.
[8] *Ibid.*
[9] Subsection (5) of CLS 1961, § 257.625a, *supra,* as amended.