PEOPLE *v.* COLLETT.

1. CRIMINAL LAW—DRIVING VEHICLE UNDER INFLUENCE OF INTOXI-
CATING LIQUOR—SUFFICIENCY OF EVIDENCE.

   Claim by defendant, convicted of driving a motor vehicle while
   under the influence of intoxicating liquor, that the evidence
   at trial was insufficient to sustain his conviction *held*, without
   merit, where a review of the record shows that 10 witnesses
   testified for the people and that there was ample testimony,
   from just 2 of the witnesses, to sustain the conviction (CLS
   1961, § 257.625).

2. SAME—DRIVING WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR
—BLOOD TESTS.

   Statute providing for chemical test to determine intoxication of
   persons charged with driving a motor vehicle under influence
   of intoxicating liquor *held*, not to require police officers to
   advise an accused that he has a right to a blood test, where
   the statute, as originally enacted, contained such a requirement,
   but was subsequently amended so as to delete it (CLS 1961,
   § 257.625a, as amended by PA 1964, No 104).

Appeal from Recorder's Court of Detroit; Kirwan
(John R.), J.  Submitted Division 1 April 7, 1967,
at Detroit.  (Docket No. 2,649.)  Decided November
28, 1967.

Jack Collett was convicted of driving a motor
vehicle while under the influence of intoxicating
liquor.  Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 330–334.
   Driving automobile while intoxicated as a substantive criminal
   offense.  42 ALR 1498, s. 49 ALR 1392, 68 ALR 1356, 142 ALR
   555.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Tauber & Garon,* for defendant.

J. H. GILLIS, J. On April 2, 1966, the defendant, Jack Collett, was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor.[1] The defendant was taken to police headquarters where he was given a breathalyzer test by a police officer. During the nonjury trial the court ruled that the results of the test were inadmissible because the defendant had not been advised that he had a right to refuse to take the test. Ten witnesses testified for the prosecution. The court found the defendant guilty on the basis of the testimony of several witnesses who had observed the defendant.

Defendant on appeal raises two issues for our consideration. He first contends that there was insufficient evidence presented at trial to warrant a determination that defendant was guilty beyond a reasonable doubt.

We have examined the transcript of testimony of each of the witnesses produced at trial and conclude that based on the testimony of just the first and last witnesses, there was sufficient evidence to sustain the conviction, if such testimony were believed by the trial court.

The second issue raised by appellant is that PA 1949, No 300, § 625a, as added by PA 1960, No 148 (CLS 1961, § 257.625a, and amended by PA 1964,

---

[1] CLS 1961, § 257.625 (Stat Ann 1960 Rev § 9.2325).

No 104 (Stat Ann 1965 Cum Supp § 9.2325[1]) imposes a duty upon the police to advise one accused of driving a vehicle while under the influence of intoxicating liquor that he has a right to a blood test.

We hold that there is no requirement that the accused be advised that he has a right to a blood test for the reasons set forth in *People* v. *Church* (1966), 5 Mich App 303; *People* v. *Kerrigan* (1967), 8 Mich App 216; and *People* v. *Alford* (1967), 8 Mich App 211.

Affirmed.

LESINSKI, C. J., and FITZGERALD, J., concurred.