## PEOPLE v. EGNER.

1. CRIMINAL LAW—DRIVING. UNDER INFLUENCE OF INTOXICATING LIQUOR—CHEMICAL TESTS—WARNING OF RIGHTS.

Results of breathalyzer test administered to person suspected of driving while under the influence of intoxicating liquor are not rendered inadmissible in trial for that crime by failure to advise the defendant that he could have a person of his own choosing administer a blood test, where statute providing for chemical tests does not require that he be advised of his right (CLS 1961, § 257.625; § 257.625a, as amended by PA 1964, No 104).

2. SAME—TRIAL—REOPENING CASE—DISCRETION OF COURT.

The trial court in a criminal case may reopen a case for the purpose of admitting testimony in behalf of either the prosecution or the defense in the exercise of sound discretion.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 260, 332 et seq.
[2] 53 Am Jur, Trial §§ 128, 129.

3. Same—Reopening Proofs—Breathalyzer Test.

    Granting by trial court of prosecution's motion to reopen a case against defendant charged with driving while under the influence of intoxicating liquor to introduce the results of a breathalyzer test, after the prosecution had rested its case, and the defendant had been sworn, *held* not an abuse of discretion by the court (CLS 1961, § 257.625; § 257.625a, as amended by PA 1964, No 104).

Appeal from Recorder's Court of Detroit; Wood (Andrew C.), J.  Submitted Division 1 April 7, 1967, at Lansing.  (Docket No. 2,711.)  Decided December 8, 1967.

Wilburn Egner was convicted of driving a motor vehicle while under the influence of intoxicating liquor.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Tauber & Garon,* for defendant.

J. H. Gillis, J.  On September 22, 1966, the defendant, Wilburn Egner, was tried in the recorder's court for the city of Detroit, traffic and ordinance division, in a nonjury trial on a charge of operating a motor vehicle while under the influence of intoxicating liquor.*  At trial the result of a breathalyzer test, adverse to the defendant, was admitted into evidence over defendant's objection.  Defendant claims this was reversible error because there was insufficient showing that, after submitting to the breathalyzer test, he was advised that he had a right

---

* CLS 1961, § 257.625 (Stat Ann 1960 Rev § 9.2325).

to have a person of his own choosing administer a blood test.

The record shows that a police officer witness testified..that before the defendant took the breathalyzer test he was advised that he could have his own doctor administer a chemical test to him. Defendant testified that while he was advised that he did not have to submit to the breathalyzer test, he was not advised that he could have an additional test administered by a person of his own choosing. This presented a question of fact for the trial judge to rule on. The court chose to believe the testimony of the police officer-witness and held that defendant was given the opportunity to call his own doctor to administer a chemical test to him. We find no error in this ruling of the trial court.

Further, for the reasons stated in *People* v. *Church* (1966), 5 Mich App 303; *People* v. *Kerrigan* (1967), 8 Mich App 216; *People* v. *Collett* (1967), 8 Mich App 419; and *People* v. *Alford* (1967), 8 Mich App 211, we hold that there is no requirement that the defendant, after submitting to a chemical test administered by a police officer, be advised that he has a right to have a person of his own choosing administer another chemical test.

Defendant next contends that the court erred in allowing the people to reopen their case after they had rested. As soon as the defendant was sworn and asked his name, the court made the following statement to the prosecutor: "As I get it you have elected not to introduce the results of the breathalyzer?" The people then moved to reopen the case and recalled the police officer who had previously testified that he had administered the breathalyzer test to the defendant. The witness was allowed to testify to the results of the test. We find no error in the court's ruling allowing the prosecution to reopen their case.

"It is the rule in criminal cases that the trial court in the exercise of sound discretion may reopen a case for the purpose of admitting testimony in behalf of either the prosecution or the defense. See *People* v. *Blake,* 157 Mich 533; *People* v. *Chimovitz,* 237 Mich 247; and *People* v. *Eger,* 299 Mich 49." *People* v. *Lay* (1953), 336 Mich 77, at p 83.

Affirmed.

LESINSKI, C. J., and FITZGERALD, J., concurred.