PEOPLE *v.* THORNTON.

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Dʀɪᴠɪɴɢ Aᴜᴛᴏᴍᴏʙɪʟᴇ Wʜɪʟᴇ Uɴᴅᴇʀ Iɴꜰʟᴜᴇɴᴄᴇ ᴏꜰ Iɴᴛᴏxɪᴄᴀᴛɪɴɢ LɪQᴜᴏʀ—Cʜᴇᴍɪᴄᴀʟ Tᴇꜱᴛ.

No requirement exists that a defendant charged with driving while under the influence of intoxicating liquor, after submitting to a chemical test administered by a police officer, be advised that he has a right to have a person of his own choosing administer another chemical test (CLS 1961, § 257.625a, as amended by PA 1964, No 104).

2. Sᴀᴍᴇ—Dʀɪᴠɪɴɢ Aᴜᴛᴏᴍᴏʙɪʟᴇ Wʜɪʟᴇ Uɴᴅᴇʀ Iɴꜰʟᴜᴇɴᴄᴇ ᴏꜰ Iɴᴛᴏxɪᴄᴀᴛɪɴɢ LɪQᴜᴏʀ—Bʀᴇᴀᴛʜᴀʟʏᴢᴇʀ Tᴇꜱᴛ.

Admissibility of results of breathalyzer test to person charged with driving an automobile while under the influence of intoxicating liquor does not depend upon defendant being advised of his opportunity to have a blood test made at a specific hospital (CLS 1961, § 257.625a, as amended by PA 1964, No 104).

3. Sᴀᴍᴇ—Dʀɪᴠɪɴɢ Aᴜᴛᴏᴍᴏʙɪʟᴇ Wʜɪʟᴇ Uɴᴅᴇʀ Iɴꜰʟᴜᴇɴᴄᴇ ᴏꜰ Iɴᴛᴏxɪᴄᴀᴛɪɴɢ LɪQᴜᴏʀ.

Conviction of defendant, charged with driving an automobile while under the influence of intoxicating liquor, in case where the results of a breathalyzer test were introduced into evidence and where witnesses testified without contradiction that defendant was advised of his right to have a physician of his

---

Rᴇꜰᴇʀᴇɴᴄᴇꜱ ꜰᴏʀ Pᴏɪɴᴛꜱ ɪɴ Hᴇᴀᴅɴᴏᴛᴇꜱ

[1–3] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 260.
Construction and application of statutes creating presumption or other inference of intoxication from specified percentages of alcohol present in system. 16 ALR3d 748.
Constitutional right of one charged with intoxication to summon physician at accused's own expense to make test for alcohol in system. 78 ALR2d 905.
Degree or nature of intoxication for purposes of statute or ordinance making it a criminal offense to operate an automobile while in that condition. 142 ALR 555.

own choosing conduct an additional test *held,* proper, and the fact defendant contends he was never offered an opportunity to take blood test does not affect the admissibility of the breathalyzer test (CLS 1961, § 257.625a, as amended by PA 1964, No 104).

Appeal from Recorder's Court of Detroit; Wood (Andrew C.), J. Submitted Division 1 October 5, 1967, at Detroit. (Docket No. 2,353.) Decided March 19, 1968.

Charlie Henry Thornton was convicted of operating a motor vehicle while under the influence of intoxicating liquor. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Tauber & Garon,* for defendant.

LESINSKI, C. J. On May 25, 1966, the defendant was tried in the recorder's court for the city of Detroit, traffic and ordinance division, in a nonjury trial on a charge of having operated a motor vehicle on March 26, 1966, while under the influence of intoxicating liquor.[1] At trial, testimony of a police officer and the defendant disclosed that the defendant was in an automobile accident on the date charged in the complaint. Shortly after the accident the defendant was taken to a police station where an officer advised the defendant that if he wanted to, he could take a breathalyzer test. Additionally, the officer testified that he advised the de-

---

[1] CLS 1961, § 257.625 (Stat Ann 1960 Rev § 9.2325).

fendant that he had the right to refuse to take such a test. The officer further testified the defendant was, advised that he could have a doctor of his own choosing administer an additional test, such as a blood test, if he so desired. The defendant, in testifying along the lines above outlined, stated that he was not specifically advised that he had a right to go to Receiving Hospital and have a blood test.

The results of the breathalyzer test, adverse to the defendant, were admitted into evidence at trial; and a conviction as charged followed.

We note that two witnesses for the prosecution testified that the defendant was specifically advised that he had a right to have a physician of his own choosing conduct a test in addition to the breathalyzer test. When the defendant testified, he did not refute this testimony.

There is now no requirement under the amended statute[2] that a defendant, after submitting to a chemical test administered by a police officer, be advised that he has a right to have a person of his own choosing administer another chemical test. *People* v. *Church* (1966), 5 Mich App 303. See also the comment by Professor Lionel Frankel on the effect of the amendment of the statute in the 1964 annual survey of Michigan criminal law and evidence (11 Wayne L Rev 92, 107). Here, of course, there is testimony that the defendant was advised that he could have his own physician administer an additional chemical test.

The thrust of defendant's argument against admissibility of the test results is that defendant was not advised that he could have a blood test administered to him at a specific hospital, and that this constituted error. No law is quoted in support of

2 CLS 1961, § 257.625a, as amended by PA 1964, No 104 (Stat Ann 1968 Cum Supp § 9.2325[1]),.

this proposition, we find none, and our own consideration of it does not incline us to enunciate any.

On appeal the defendant contends that he was never offered the opportunity to take a blood test and that therefore the results of the breathalyzer test were inadmissible pursuant to CLS 1961, § 257-.625a(3) (Stat Ann 1968 Cum Supp § 9.2325 [1][3]). Defendant's contention as to inadmissibility of the test results is erroneous. Our decision in this cause is controlled by *People* v. *Church, supra; People* v. *Kerrigan* (1967), 8 Mich App 216; *People* v. *Collett* (1967), 8 Mich App 419; *People* v. *Alford* (1967), 8 Mich App 211; and *People* v. *Egner* (1967), 9 Mich App 212.

Affirmed.

J. H. GILLIS and T. G. KAVANAGH, JJ., concurred.