PEOPLE v. KERRIGAN.

1. CRIMINAL LAW—DRIVING AUTOMOBILE WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR—CHEMICAL TEST—STATUTES.

A person charged with driving a vehicle while under the influence of intoxicating liquor has a right to demand one of the chemical tests provided by statute, and upon request, the police are required to give him a reasonable opportunity to have a person of his own choosing administer the same (CLS 1961, § 257.625; PA 1949, No 300, § 625a, as added by PA 1960, No 148, and amended by PA 1964, No 104).

2. SAME—DRIVING AUTOMOBILE WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR—CHEMICAL TEST—STATUTES.

The right of a person charged with driving a vehicle while under the influence of intoxicating liquor to have a person of his own choosing administer one of the chemical tests allowed by statute is a statutory right, and not a constitutional one (CLS 1961, § 257.625; PA 1949, No 300, § 625a, as added by PA 1960, No 148 and amended by PA 1964, No 104).

3. SAME—STATUTORY RIGHTS.

An accused must be advised of many constitutional rights, but he need not be advised of all of his statutory rights unless the applicable statute expressly requires it.

4. SAME—DRIVING AUTOMOBILE WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR—STATUTES—AMENDMENT—INTENT.

Amendment of statute relating to the giving of chemical tests to one charged with driving a motor vehicle while under the influence of intoxicating liquor, which deleted former provision requiring that the person charged be advised of his right to a chemical test given by a person of his own choosing held, to have indicated a clear legislative in-

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 260.

tent to eliminate the requirement that the person charged be advised of his right (CLS 1961, § 257.625; PA 1949, No 300, § 625a, as added by PA 1960, No 148, and amended by PA 1964, No 104).

5. SAME—DRIVING AUTOMOBILE WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR—CHEMICAL TEST—STATUTES.

Claim by defendant, convicted of driving an automobile while under the influence of intoxicating liquor, that his conviction must be reversed for failure of the police to advise him of his statutory right to a chemical test administered by a person of his own choosing *held*, without merit, since there is no statutory requirement that an accused be advised of his statutory rights, and the legislature, by amending statute so as to delete former provision that an accused be so advised, clearly expressed an intention to eliminate the requirement (CLS 1961, § 257.625; PA 1949, No 300, § 625a, as added by PA 1960, No 148, and amended by PA 1964, No 104).

Appeal from Recorder's Court of Detroit; Kirwan (John R.), J. Submitted Division 1 April 7, 1967, at Detroit. (Docket No. 2,079.) Decided November 24, 1967.

John Kerrigan was convicted of driving a motor vehicle while under the influence of intoxicating liquor. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Fred A. Garon,* for defendant.

LESINSKI, C. J. In August, 1965, the defendant, John Kerrigan, was arrested and charged with driving a motor vehicle while under the influence

of intoxicating liquor.* The defendant was taken to police headquarters where he was given a breathalyzer test by a police officer. At trial the court ruled that the results of the test were inadmissible because it was not convinced that the defendant had been advised that he had a right to refuse to take the test. The court, however, found the defendant guilty on the basis of the testimony of several witnesses who had observed the defendant operating a motor vehicle and observed him after he was stopped by the police.

Defendant contends that PA 1949, No 300, § 625a, as added by PA 1960, No 148 (CLS 1961, § 257-.625a), and amended by PA 1964, No 104 (Stat Ann 1965 Cum Supp § 9.2325[1]), imposes a duty upon the police to advise one accused of driving while under the influence of intoxicating liquor that he has a right to a blood test.

The pertinent subsections thereof are as follows:

"(3) A person charged with driving a vehicle while under the influence of intoxicating liquor who takes a chemical test administered under the direction of a police officer as provided in paragraphs (1) and (2) hereof, shall be given a reasonable opportunity to have a person of his own choosing, administer one of the chemical tests as provided in this section within a reasonable time after his detention, and the results of such test shall be admissible if offered by the defendant and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. Any person charged with driving a vehicle while under the influence of intoxicating liquor shall have the right to demand that one of the tests provided for in paragraph (1) must be given him, provided facilities are reasonably available to administer such test, and the results of such test shall be ad-

---

* CLS 1961; § 257.625 (Stat Ann 1960 Rev. § 9.2325).

missible if offered by the defendant and shall be considered with other competent evidence in determining the innocence or guilt of the defendant.

"(4) The person charged shall be advised of his right to refuse to take any test provided for in this act and the refusal on the part of any person to submit to any such test shall not be admissible in any criminal prosecution relating to driving a vehicle while under the influence of intoxicating liquor."

Defendant had a right to demand one of the chemical tests provided for by statute but did not do so. After the police had given him a test, they were clearly under a duty to give defendant "a reasonable opportunity to have a person of his own choosing administer one of the chemical tests" as required by statute, if requested by defendant. The police did not advise him of such right. For the reasons stated in *People* v. *Church* (1966), 5 Mich App 303, and *People* v. *Alford* (1967), 8 Mich App 211, we do not read the statute to require the police to *advise the defendant* of his right to take such a test. The right in question on appeal is a statutory and not a constitutional right. While an accused must be advised of many constitutional rights, he need not be advised of all of his statutory rights unless the statute expressly requires it. Formerly the statute required, under PA 1960, No 148, *supra,* that the defendant be given such advice. See *People* v. *Lyall* (1964), 372 Mich 607, 615, 616. The legislature clearly expressed their intention to eliminate the requirement that the person charged *be advised of his right* to chemical tests by deleting the language that provided for it.

Judgment affirmed.

FITZGERALD and J. H. GILLIS, JJ., concurred.