## PEOPLE *v.* GILBERT.

1. CRIMINAL LAW—CONSTITUTIONAL LAW—INCRIMINATING STATE-
MENTS—ADMISSIBILITY—WARNING OF RIGHTS.

   The rule excluding from evidence incriminating statements made
   to investigating officers by an accused not warned of his con-
   stitutional rights has application only where such statements
   are the result of "custodial interrogation" in "police-dominated
   atmosphere", and has no application to statements made by
   an accused when he has in no way been deprived of his liberty,
   there has been no isolated questioning, and the period of inter-
   rogation is of short duration.

2. SAME—CONSTITUTIONAL LAW—INCRIMINATING STATEMENTS—AD-
MISSIBILITY—WARNING OF RIGHTS.

   Claim by defendant, charged with manslaughter following an
   automobile accident, that statements made by him to an investi-
   gating officer shortly after the accident while defendant was
   at a hospital for treatment were inadmissible in evidence be-
   cause defendant was not first warned of his constitutional
   rights *held*, without merit, where defendant was not under
   arrest at the time he was interrogated and made such state-
   ments, freely walked about the hospital corridors and emer-
   gency room during the interrogation, was in no way isolated
   for questioning, and the period of interrogation was of short
   duration, since the rule excluding such statements from evi-
   dence when made prior to warning an accused of his constitu-
   tional rights has application only where the statements are
   the result of "custodial interrogation" in a "police-dominated
   atmosphere".

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 555–557.
Necessity of informing suspect of rights under privilege against
self-incrimination, prior to police interrogation.    10 ALR3d
1054.
[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 246.
[4, 5, 8] 8 Am Jur 2d, Automobiles and Highway Traffic § 959.
Admissibility of report of operator filed pursuant to law, re-
specting automobile accident.   69 ALR 905.
[6, 7] 7 Am Jur 2d, Automobiles and Highway Traffic § 259.

3. SAME—STATUTES—AUTOMOBILES—ACCIDENT REPORTS.

  The driver of every motor vehicle involved in an accident resulting
  in a vehicle or vehicles becoming so disabled as to be incapable
  of being propelled in the usual manner, or resulting in personal
  injury or death, is required, by statute, to report such accident
  to the nearest and most convenient police station or police
  officer, with failure so to do being a misdemeanor (CLS 1961,
  §§ 257.622, 257.901).

4. EVIDENCE—AUTOMOBILES—STATUTORY ACCIDENT REPORTS.

  Report to nearest police station or police officer, required to be
  made by the driver of every motor vehicle involved in an
  accident resulting in a vehicle or vehicles becoming so disabled
  as to be incapable of being propelled in the usual manner, or
  resulting in personal injury or death of any person, is, by
  statute, inadmissible in evidence in any court action (CLS
  1961, § 257.624).

5. CRIMINAL LAW—CONSTITUTIONAL LAW—AUTOMOBILE ACCIDENT
REPORT—ADMISSIBILITY.

  Statements made by the driver of a motor vehicle involved in an
  accident which caused death of a passenger made in response
  to questions asked by an investigating officer for the purpose
  of obtaining sufficient information to make statutory report
  of injury held, inadmissible in evidence against defendant,
  accused of manslaughter in the operation of a motor vehicle,
  since the statutes require the driver to give such report, make
  it a misdemeanor for failure to do so, and specifically provide
  that such report is inadmissible in evidence in any court, and
  the statute requiring that the report be made would otherwise
  clearly deny defendant's constitutional privilege against self-
  incrimination (US Const, Ams 5, 14; Mich Const 1963, art 1,
  § 17; CLS 1961, §§ 257.622, 257.624, 257.901; CL 1948,
  § 750.321).

6. SAME—DRIVING UNDER INFLUENCE OF INTOXICATING LIQUOR—
CHEMICAL TESTS—ADVISING OF RIGHTS.

  One charged with driving a vehicle under the influence of intoxi-
  cating liquor has no right to be advised of his right to a
  blood test, where statute previously requiring such advice
  has been amended so as to delete such requirement (CLS 1961,
  § 257.625a, as amended by PA 1964, No 104).

7. SAME—DRIVING WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR
—CHEMICAL TESTS—WARNING OF RIGHT TO REFUSE TEST.

  Statutory provision that a person charged with driving while
  under the influence of intoxicating liquor shall be advised of

his right to refuse to take any tests provided for by statute has application only after such a test has been offered, since the right to refuse such test is designed to preserve one's privilege against self-incrimination, and such right has not yet been in peril until a test has at least been offered (CLS 1961, § 257.625a, as amended by PA 1964, No 104).

8. SAME—AUTOMOBILE ACCIDENT REPORT—ADMISSIBILITY—SELF-INCRIMINATION.

Testimony of a police officer about defendant's answers to questions found on a motor vehicle accident report form which defendant as driver of a motor vehicle was bound by statute to complete, *held*, inadmissible in prosecution of defendant driver for manslaughter in the death of a passenger caused in motor vehicle accident, thereby preserving defendant's right against self-incrimination (US Const Ams 5, 14; Mich Const 1963, art 1, § 17; CL 1948, § 750.321; CLS 1961, §§ 257.622, 257.624, 257.901).

Appeal from Montcalm; Bebeau (Leo B.), J. Submitted Division 3 March 7, 1967, at Grand Rapids. (Docket No. 2,280.) Decided November 28, 1967. Rehearing denied December 29, 1967.

Rollin Gilbert was charged with manslaughter arising from the operation of a motor vehicle, on November 7, 1965. Motion to suppress statements made by defendant to investigating officer denied. Defendant appeals by leave granted. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *C. Homer Miel,* Prosecuting Attorney, for the people.

*Poppen, Street & Sorensen,* for defendant.

BURNS, J. The defendant has been charged with manslaughter for negligently driving his automobile while under the influence of intoxicating liquor in

such a way as to cause the death of a fellow passenger.[1]

At the preliminary examination the investigating police officer testified that when he arrived at the scene shortly after the accident, he noticed the defendant appeared "very much disturbed" and he detected the "aroma of intoxicating beverages of some description" on defendant's breath. The officer elicited no significant statement from defendant at the scene of the accident. However, 1/2 or 3/4 of an hour later at the hospital, the officer asked the defendant if he was driving the automobile at the time of the accident. The defendant replied, "I don't know. I must have been because I never allow anybody to drive my car." The officer then asked him why he didn't know whether or not he had been driving the car, and the defendant replied that he had been drinking too much. He said, "I think I am drunk." The officer, based upon his observation at the hospital of the defendant's talk, breath, the look in his eyes and the way he walked, formed an opinion that the defendant was under the influence of intoxicating beverages.

The officer also testified that the defendant was not offered a blood test to determine alcoholic content and was not advised that he had a right either to have the test or to refuse such a blood test.

Prior to trial the defendant moved to suppress the testimony of the police officer on the ground that the defendant had not been advised of his constitutional rights. The motion also asked that the case be dismissed for the same reason and on the additional ground that the police officer did not advise the defendant relative to his rights regarding a blood test. The motion was denied by the trial court and this Court granted leave to appeal.

---

[1] CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).

Defendant has raised the following issues:

"1. Was the defendant adequately informed of his constitutional privileges against self-incrimination[2] and right to counsel?[3]

"2. Are incriminating admissions made in the course of making an accident report required by statute admissible in evidence?

"3. Does the failure of the officer to advise the defendant relative to his rights regarding a blood test preclude a prosecution based upon driving a vehicle while under the influence of intoxicating liquor?"

The defendant, to sustain his first ground on appeal, emphasizes and relies on *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L ed 2d 694, 10 ALR 3d 974). In the *Miranda* decision the essential concern of the United States Supreme Court was the voluntariness of the confession or admission. The history of the transition from physical to more subtle psychological means of compulsion was traced in detail by the Court. In each of the 4 cases consolidated for appeal in *Miranda,* the confession or admission was made after formal arrest and in a general atmosphere of psychological compulsion. Repeatedly the Court stressed the factor of "incommunicado interrogation" resulting in a "police-dominated atmosphere." The lengthy duration of the interrogation period was considered significant in several of the cases. The requisite "custodial interrogation" must be interpreted in the light of the Court's own emphasis upon the compulsive atmosphere in which the suspect is questioned. In the instant case the defendant was questioned as he freely walked about the hospital corridors and emer-

---

[2] US Const, Am 5; Const 1963, art 1, § 17.

[3] US Const, Am 6; Const 1963, art 1, § 20.

gency room. He was in no way isolated for questioning and the period of interrogation was of short duration. This Court will not extend the requirements of *Miranda, supra,* to the essentially different fact situation in the instant case.

The second issue raised by the defendant involves the admissibility of information received for the purpose of making a report required by CLS 1961, § 257.622 (Stat Ann 1960 Rev § 9.2322).[4]

This statute at the time of the accident provided:

"The driver of every motor vehicle involved in an accident resulting in a vehicle or vehicles becoming so disabled as to be incapable of being propelled in the usual manner, or resulting in personal injury or death of any person shall forthwith report such accident to the nearest or most convenient police station or police officer. The officer receiving such report shall forthwith forward the same to the commissioner of State police on forms to be prescribed by him."

CLS 1961, § 257.624 (Stat Ann 1960 Rev § 9.2324) states:

"The reports required by this chapter shall not be available for use in any court action, but it shall be for the purpose of furnishing statistical information as to the number and cause of accidents."

CLS 1961, § 257.901 (Stat Ann 1960 Rev § 9.2601) provides that the failure to file the report is a misdemeanor. While there are decisions of the Supreme Court of Michigan interpreting this point in civil cases, the Supreme Court has not decided the scope of testimony allowable in a criminal case.

---

[4] See currently PA 1966, No 171 and PA 1967, No 3, amending this section (Stat Ann 1966 and 1967 Current Material § 9.2322, pp. 252, 748).

In response to the question of who was driving the automobile, asked by the police officer in order to fill out the report required by statute, the defendant made incriminatory admissions that he was driving and that he was drunk at the time. Defendant was responding to the questions asked and was thus required by statute to speak. That the statements made were incriminatory is beyond dispute. Were it not for the statutory bar, the statute itself would clearly deny the defendant's constitutional privilege against self-incrimination. US Const, Ams 5, 14; Const 1963, art 1, § 17. Under the statute the testimony of the police officer, as to the defendant's responses to the questions found on the report form which defendant was bound to complete, is inadmissible in evidence.

Concerning the third issue raised by the defendant, the relevant portion of CLS 1961, § 257.625a, as amended by PA 1964, No 104 (Stat Ann 1965 Cum Supp § 9.2325[1]) reads:

"(4) The person charged shall be advised of his right to refuse to take any test provided for in this act."

The 1964 amendment omitted a requirement that the person charged be advised of his right to have a blood test, and thus precludes any argument that defendant in this case should have been advised of his right to a blood test. See *People* v. *Church* (1966), 5 Mich App 303. This statutory right to refuse a blood test obviously can be useful only after such a test has been offered. The statutory right to refuse a blood test is designed to preserve defendant's privilege against self-incrimination, and until a blood test is at least offered to the defendant, his constitutional rights are not yet in peril, and the statute has no application.

The order denying defendant's motion to suppress the testimony of the police officer is reversed and the case remanded for trial.

FITZGERALD, P. J., and HOLBROOK, J., concurred.