PEOPLE *v.* PATTON

PEOPLE *v.* FORGASH

1. CRIMINAL LAW—TRIAL—CONFESSION—NOTICE—COURT RULE.

   Former court rule requiring that prosecutor give written notice to defendant that he intends to use a confession or admission in evidence pertains only to a confession or admission made by defendant himself and not to a statement made by a co-defendant (GCR 1963, 785.5, repealed June 8, 1967).

2. SAME—TRIAL—EVIDENCE—STATEMENTS—WARNING.

   Admission in evidence, in criminal trial, of statements made by an accomplice of defendant which do not implicate defendant is not forbidden by rule making such statements inadmissible against the one who made them unless he was warned of his rights.

3. SAME—EVIDENCE—STATEMENTS—INSTRUCTION TO JURY.

   Failure to instruct the jury in a joint criminal trial that statements made to police by one defendant were not to be applied to the second defendant, and refusal to grant second defendant a separate trial, were not reversible error where the statements did not implicate the second defendant and first defendant was subjected to cross-examination by second defendant at trial, thus providing second defendant his right to confrontation.

4. SAME—EVIDENCE—STATEMENTS—WARNING.

   Admission in criminal trial of statements made by defendant at the scene of his arrest before he was significantly deprived of his freedom was not error even though defendant had not been warned of his rights at the time he made the statements.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5]  29 Am Jur 2d, Evidence § 523 *et seq.*
[2, 3]  29 Am Jur 2d, Evidence § 539 *et seq.*
[4]  29 Am Jur 2d, Evidence § 545 *et seq.*

5. SAME—TRIAL—EVIDENCE—STATEMENTS—COURT RULE.

Failure of prosecuting attorney to give written notice to defendant at his arraignment that statements made by defendant would be used in evidence at trial, as required by former court rule, did not render admission of the statements at trial reversible error where prosecutor did not intentionally mislead defendant but failed to give notice because of his belief that the statements were not admissions or confessions under the rule, and where defendant showed his awareness of prosecutor's intention to use the statements at least 45 days before trial by including them in a motion to suppress evidence made then (GCR 1963, 785.5, repealed June 8, 1967).

Appeal from Bay, Theiler (John X.), J. Submitted Division 3 October 9, 1968, at Grand Rapids. (Docket Nos. 4,117, 4,258.) Decided December 23, 1968.

Richard Patton and Richard A. Forgash were convicted of unlawfully driving away an automobile. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Martin B. Legatz,* Prosecuting Attorney, for the people.

*Richard Patton, in propria persona.*

*David R. Skinner,* for defendant Forgash.

LESINSKI, C. J. Defendants Richard Patton and Richard A. Forgash were jointly tried by jury and found guilty of unlawfully driving away an automobile contrary to CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645). Both appeal.

Defendant Forgash claims the trial court erred in admitting into evidence statements made by his co-defendant Patton to an arresting officer. He contends that the people failed to comply with the

notice provisions of GCR 1963, 785.5[1] and that the warnings required by *Miranda*[2] were not given before the Patton statements were elicited.

The trial record discloses testimony of the arresting officer concerning the statement made by Richard Patton as follows:

"*Q.* What did Mr. Patton say at this time?

"*A.* When I asked him what he was doing with the truck?

"*Q.* Yes, sir.

"*A.* He said that he had met a man at a bar and that the man told him to come down and pick up his truck for him.

"*Q.* Did he mention which bar?

"*A.* I don't believe he did say the bar he was at."

The trial record reveals no further testimony concerning statements attributable to Richard Patton. Although more extensive statements of Patton were admitted at the preliminary examination, they are not part of the trial in chief and cannot now be the basis for an appeal.

The initial allegation of Forgash that the prosecutor failed to provide notice under GCR 1963, 785.5 that Patton's statement would be introduced at trial is substantiated by the record. However, rule 785.5 only requires that a defendant be given notice regarding use of his own confessions or admissions, and not as to use of statements of his co-defendants. As such, Forgash's rights under rule 785.5 were not violated.

Furthermore, even if notice were required, the testimony containing the Patton statement in no way implicated or referred to defendant Forgash. The

---

[1] See 376 Mich xlv. This subsection of the rule was repealed after this trial, effective June 8, 1967.

[2] *Miranda v. Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR 3d 974).

record, failing to demonstrate prejudice to Forgash by admitting the statement, discloses no reversible error in the lack of notice.

Similarly, the allegation of reversible error caused by failure to give the *Miranda* warnings is without merit. As Forgash was not implicated by the statements elicited, he was not prejudiced thereby. The *Miranda* protection against self-incrimination does not extend to include admissions of Forgash's co-defendant. In addition, as the Patton statement was obtained during general on-the-scene questioning wherein Patton was not significantly deprived of his freedom of action, *Miranda* is inapplicable.

Reversible error also is alleged by Forgash in the trial court's failure to instruct the jury that statements of Patton could not be used against Forgash and in its denial of Forgash's motion for a separate trial. Subsequent to trial of this cause, the United States Supreme Court held that the admission of a co-defendant's statement implicating the defendant at a joint trial constitutes prejudicial error as a violation of the right of confrontation. *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1920, 20 L Ed 2d 476). However, the statement of Patton not being such as to implicate Forgash, no reversible error was committed in failing to instruct the jury to apply it only to Patton or in denying Forgash a separate trial. See *People* v. *Schram* (1966), 378 Mich 145. In addition, Forgash's right of confrontation was not abridged because Patton fully and completely testified during the course of the trial and had been subjected to cross-examination by Forgash. *People* v. *Lewis* (1967), 6 Mich App 447.

Defendant Patton in a brief filed *in propria persona* alleges some 12 points of error. Some of these

assignments of error overlap. All allegations were considered and are found to be without merit.

We have examined the record concerning the circumstances under which defendant Patton's statements were made and admitted and find no reversible error.

*Miranda* was not violated as Patton made the statements on the scene and prior to any significant deprivation of his freedom. See *People* v. *Bean* (1967), 7 Mich App 402.

The record substantiates the prosecutor's failure to give Patton notice of the statements at arraignment on January 16, 1967, pursuant to rule 785.5. However, the prosecutor did not intentionally mislead Patton as he took the position that the statements were not admissions or confessions under the rule. Moreover, Patton was not surprised because his motion to suppress evidence, filed on February 24, 1967, indicated his awareness of the prosecutor's intention to introduce such statements at least 45 days prior to trial. Furthermore, Patton's counsel caused the delay in bringing his motion up for hearing until the morning of trial. Nevertheless, on the morning of trial the court provided defendant a full evidentiary hearing and then decided his motion. See *People* v. *Harper* (1966), 3 Mich App 316. Under these circumstances we find the trial court substantially complied with rule 785.5 such as to result in no prejudicial error to Patton.

A review of the record further discloses no prejudicial error in the proceedings that led to the trial of defendant Patton on the charge for which he was convicted, nor in the trial itself. His claim that the *corpus delicti* was not established without the use of a confession is not supported by the record. The people introduced sufficient evidence which, if

believed by the jury, would sustain a finding of guilt of defendant beyond a reasonable doubt.

The convictions of Forgash and Patton are affirmed.

Fitzgerald and Templin, JJ., concurred.