PEOPLE v. ROBINSON

1. CRIMINAL LAW—ON-THE-SCENE INTERROGATION—CONSTITUTIONAL LAW.

Constitutional requirement that a criminal suspect be advised of his rights prior to interrogation applies only to custodial interrogation or interrogation under a loss of freedom and is inapplicable to on-the-scene investigatory interrogation of one who has not been arrested or deprived of freedom of action in any significant way.

2. CRIMINAL LAW—ON-THE-SCENE INTERROGATION—EXTRAJUDICIAL STATEMENT—ADMISSIBILITY.

Police officer's testimony as to defendant's reply to on-the-scene questioning regarding his possession of a check he was trying to cash was properly admitted in a prosecution for uttering and publishing, even though defendant was not advised of his constitutional rights before he answered, where there is no indication that defendant was under arrest when he made his statement, where the officer did not physically dominate the scene and where defendant was not at that time substantially deprived of his freedom of action (MCLA § 750.249).

3. CRIMINAL LAW—EXTRAJUDICIAL STATEMENTS—ADMISSIBILITY.

Automatic reversal of a conviction is required where the prosecution has used extrajudicial statements elicited from a criminal suspect in contravention of his constitutional rights even where no objection to the admission of such statements was made at

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 29 Am Jur 2d, Evidence §§ 557, 611.
Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.
What constitutes "custodial interrogation" within rule of *Miranda v. Arizona* requiring that suspect be informed of his federal constitutional rights before custodial interrogation. 31 ALR3d 565.

trial, but this rule does not apply where a defendant's extra-judicial statement was not the product of a custodial interrogation or an interrogation under a loss of freedom.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 January 13, 1970, at Detroit. (Docket No. 5,812.) Decided February 25, 1970. Leave to appeal denied June 30, 1970. 383 Mich 800.

Lyndell Rubin Robinson was convicted of uttering and publishing a check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *William B. McIntyre,* Assistant Prosecuting Attorney, for the people.

Before: DANHOF, P. J., and FITZGERALD and McGREGOR, JJ.

McGREGOR, J. Defendant was tried without a jury on April 30, 1968, and was convicted of uttering and publishing, MCLA § 750.249 (Stat Ann 1962 Rev § 28.446), and sentenced to serve from 2 to 14 years in prison.

On appeal, defendant alleges that an incriminating statement was elicited from him by the arresting officer, in contravention of his *Miranda* rights. *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694). The statement was admitted into evidence without objection either before or at trial.

The facts indicate that an officer was called from the street into the bank. The bank teller, in explaining the circumstances to the officer on the scene, in-

dicated that the check appeared to be a bad check. The officer asked for and received some identification from the defendant; when the officer inquired whose check it was, the defendant responded that a friend had given it to him and had asked him to cash it for him. Defendant testified at trial that he found the check on a Dexter bus, which testimony conflicted with his original statement to the officer.

Essentially, we have a general on-the-scene investigatory questioning by a police officer. There was, at the time of defendant's admission of possession of the check, no indication of an arrest being made by the officer, nor was the scene physically dominated by this lone officer in the lobby of the bank, nor was the defendant substantially deprived of his freedom of action in any significant way.

*Miranda* proscribes custodial interrogation, or interrogation under a loss of freedom. In *People* v. *Patton* (1968), 15 Mich App 198, the Court ruled that *Miranda* warnings were not required where the arresting officer asked one of the defendants (subsequently arrested for unlawfully driving away an automobile) what he was doing with the truck, and defendant answered that a man at the bar had asked him to pick it up for him.

"The trial record discloses testimony of the arresting officer concerning the statement made by Richard Patton as follows:

" '*Q*. What did Mr. Patton say at this time?

" '*A*. When I asked him what he was doing with the truck?

" '*Q*. Yes, sir.

" '*A*. He said that he had met a man at a bar and that the man told him to come down and pick up his truck for him.

" '*Q*. Did he mention which bar?

" '*A*. I don't believe he did say the bar he was at.' "
*People* v. *Patton, supra,* 200.

Such was held to be general, on-the-scene questioning where the defendant was not significantly deprived of his freedom of action, and therefore, *Miranda* did not apply. We find the questioning herein the same as found in *Patton,* and therefore, rule that *Miranda* does not apply.

This Court finds that defendant did not object to the use of these statements either prior to or during the trial; the defendant claims he was prejudiced by his failure to object. Defendant directs our attention to the recent holding of the Michigan Court of Appeals in *People* v. *Wilson* (1969), 20 Mich App 410, wherein it was held that automatic reversal was required, even though defendant did not object, where the prosecution used defendant's statements which were elicited in contravention of his *Miranda* rights.

Since the statement herein was not the product of a custodial interrogation or an interrogation under a loss of freedom and, therefore, *Miranda* does not apply, *Wilson, supra,* is not applicable. It was not error to admit the statement, and defendant could not be prejudiced by his failure to object.

Conviction affirmed.

All concurred.