PEOPLE *v.* HOOD

CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—CONFESSION—CODEFEND-
ANT.

Admission at a joint trial of codefendant's extrajudicial con-
fession implicating defendant does not violate defendant's
right of cross-examination secured by the confrontation clause
of the Sixth Amendment where the codefendant takes the
stand and is cross-examined extensively, not only by defend-
ant's attorney, but also by the prosecuting attorney (US Const,
Am 6).

Appeal from Oakland, H. Russell Holland and
Arthur E. Moore, JJ. Submitted Division 2 March
3, 1970, at Lansing. (Docket No. 7,205.) Decided
March 30, 1970.

Victor Leroy Hood was convicted of armed rob-
bery. Defendant's motion for a new trial denied.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, and *Dennis Donohue,* Chief
Appellate Counsel, for the people.

*Richard P. Condit,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 333 *et seq.*

Before: J. H. GILLIS, P. J., and DANHOF and
O'HARA,* JJ.

PER CURIAM. In 1960 defendant and a codefend-
ant, Carroll Lay, were tried jointly for robbery
armed, CLS 1961, § 750.529 (Stat Ann 1970 Cum
Supp § 28.797). Out-of-court statements by Lay
which implicated the defendant were admitted over
objection by the defense counsel. The trial court
properly charged the jury that it could not consider
such statements as evidence against Hood. Lay
was acquitted, but the defendant was convicted and
sentenced to a term of 30 to 50 years in prison.

An application for delayed appeal was filed April
17, 1968, and on July 23, 1968, this Court ordered
the case remanded to the trial court for a considera-
tion of defendant's motion for a new trial in light
of *Bruton* v. *United States* (1968), 391 US 123 (88
S Ct 1620; 20 L Ed 2d 476) and *Roberts* v. *Russell*
(1968), 392 US 293 (88 S Ct 1921); 20 L Ed 2d 1100)
*reh den* 393 US 899 (89 S Ct 73; 21 L Ed 2d 191).

The lower court held that the decisions in *Bruton*
and *Roberts* did not require that defendant be
granted a new trial and, accordingly, denied defend-
ant's motion.

In *Bruton* the court held that, despite instructions
to the jury to disregard the implicating statements
in determining the codefendant's guilt or innocence,
admission at a joint trial of a defendant's extra-
judicial confession implicating a codefendant vio-
lated the codefendant's right of cross-examination
secured by the confrontation clause of the Sixth
amendment. The *Roberts* case held that *Bruton* is
to be applied retroactively to both Federal and
state prosecutions.

---

* Former Supreme Court Justice sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

In the present case codefendant Lay took the stand and was cross-examined extensively not only by defendant Hood's attorney, but also by the prosecuting attorney. Thus, it is distinguishable from the *Bruton* and *Roberts* cases because the requirement of confrontation was fulfilled. See *People* v. *Patton* (1968), 15 Mich App 198, 201.

Affirmed.