PEOPLE *v.* JOHN F. MORGAN

CRIMINAL LAW—CONSTITUTIONAL LAW—WARNING OF RIGHTS—AD-
MISSIBILITY—INCRIMINATING STATEMENTS.

Testimony of a police officer that the defendant stepped forward
in response to the officer's question asked at the scene of an
automobile accident, "who is the driver of that truck", and the
officer's in-court identification of the defendant as the man
who stepped forward were admissible in a prosecution for
negligent homicide even though the defendant had not been
warned of his rights before he identified himself, where the
officer addressed the question to a crowd of 50 to 75 people
gathered at the scene of the accident and where, at the time
he asked the question, the officer did not know or suspect
that a crime had been committed and had not begun to focus
on the defendant accusatorily. (US Const, Ams 5, 14).

Appeal from Wayne, Harry J. Dingeman, Jr., J.
Submitted Division 1 May 5, 1970, at Detroit.
(Docket No. 7,344.) Decided June 24, 1970.

John Franklin Morgan was charged with negli-
gent homicide. Defendant's motion to quash the
information denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 555–557.

pellate Lawyer, and *Angelo A. Pentolino,* Assistant
Prosecuting Attorney, for the people.

*Kasoff, Young, Gottesman & Kovinsky,* for defendant.

Before: V. J. Brennan, P. J., and McGregor and
Ager,* JJ.

McGregor, J. The pertinent facts are extracted
from the certified concise statement of the material
facts and proceedings, *viz.:*

"On June 11, 1968, a preliminary examination was
held in the municipal court for the city of Livonia
before the Honorable James McCann, municipal
judge. The defendant, John F. Morgan, had previously been charged with negligent homicide by the
people of the State of Michigan. During the course
of the examination, the people attempted to introduce the testimony of officer Raymond Laundrosh
who had been called to the scene of an accident involving two vehicles.   *   *   *   Officer Laundrosh
testified that when he appeared at the scene of the
accident there were approximately fifty (50) to
seventy-five (75) persons present. Officer Laundrosh further testified that he did not know who the
driver of one of the vehicles was and sought to have
that driver identify himself by asking on three different occasions who was the driver of the vehicle
in question. Defense counsel objected to this line of
questioning and particularly to the identification of
the defendant, John F. Morgan, who, according to
the officer, stepped forward and identified himself.
Defense counsel's objections were based upon the
case of *People* v. *Gilbert* (1967), 8 Mich App 393 and
the 5th and 14th Amendments to the United States
Constitution. The court overruled the objections and

---

* Circuit judge, sitting on the Court of Appeals by assignments.

allowed officer Laundrosh to testify as to who had stepped forward and also to point out in the courtroom the defendant as the party who had identified himself. Subsequently the defendant was bound over to circuit court * * * was arraigned * * * and stood mute. The defendant then filed a motion to quash the information and discharge the defendant. * * * The * * * court entered an order denying the motion and the defendant filed his application for leave to appeal."

The question dispositive of the principal issue is whether or not a police officer is precluded from testifying at a later prosecution that the defendant stepped forward when the officer, prior to any *Miranda*[1] warnings to the persons assembled before him, asked of the crowd, "Who is the driver of that truck?"

The identity of this defendant was not known to the police officer, and the officer had not yet begun to focus accusatorily on this defendant in order to seek information from him. The officer was confronted by approximately 50 to 75 persons, and his question was addressed to the group and not specifically to this defendant. The record does not show that the officer had any reason to suspect Morgan as a perpetrator of a crime. Defendant contends that Michigan statutes require him to report that he was the driver of the vehicle to the nearest police officer on pain of a misdemeanor in the event that he failed to do so. The purpose of the Michigan accident report statute[2] is to apprise the police that an accident has occurred, and to furnish statistical information as to the number and cause of accidents.[3]

---

[1] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).
[2] MCLA § 257.622 (Stat Ann 1968 Rev § 9.2322).
[3] CL 1948, § 257.624 (Stat Ann 1968 Rev § 9.2324).

Defendant relies upon *People* v. *Gilbert* (1967), 8 Mich App 393, in which the Court decided that incriminating admissions, such as those involved in the instant case, made in the course of making an accident report as required by statute, were not admissible in evidence. In the *Gilbert* case, the defendant was charged with manslaughter for negligently driving his automobile while under the influence of intoxicating liquor. The investigating officer testified that when he arrived at the scene, shortly after the accident, he noticed that the defendant appeared very much disturbed and detected the aroma of intoxicating beverages on the defendant's breath. About one-half hour later, at the hospital, the officer questioned Gilbert. The Court, in its decision, stated:

"In response to the question of who was driving the automobile, asked by the police officer *in order to fill out the report required by statute,* the defendant made incriminatory admissions that he was driving and that he was drunk at the time. Defendant was responding to the questions asked and was thus required by statute to speak. That the statements made were incriminatory is beyond dispute." (Emphasis added) *People* v. *Gilbert, supra,* 399.

The police were performing a required police function in investigating the *Gilbert* accident. There is no indication in the instant case that the police officer knew or suspected that a crime had been committed at the time he asked the critical question here involved, as to the identity of the truck driver. Until an accusatorial finger points at the defendant, none of his constitutional rights are violated.

Nothing in the record shows, states, or even indicates that the critical question was asked by the police officer "in order to fill out" the report required by statute, and therefore, the decision in *Gilbert,*

*supra,* relied upon by the defendant is not analogous. Defendant has predicated his appeal on an untenable position. The examining magistrate and the circuit court rulings on the question of the admissibility of defendant's reply to the officer's question as to the identity of the truck driver were correct.

Defendant also cites *Miranda* v. *Arizona, supra,* as supporting his contention. However, *Miranda* is inapposite to the situation herein. *People* v. *Gilbert, supra; People* v. *Patton* (1968), 15 Mich App 198.

Affirmed.

All concurred.