PEOPLE *v.* RONALD SMITH

PEOPLE *v.* PRITCHETT

PEOPLE *v.* RINGO

1. Criminal Law—Evidence—Statements—Witnesses—Right of Confrontation—Constitutional Law.

   Admission into evidence, in a joint trial, of a statement by one defendant to police did not constitute a denial of co-defendants' constitutional right of confrontation of the witness where the court deleted from the statement all references to the names of any co-defendants, the statement did not show that there were any other persons involved in the commission of the crime, and in no way implicated or inculpated the co-defendants (US Const, Am 6).

2. Criminal Law—Defendant's Failure to Testify—Comment—Failure to Object—Instructions to Jury.

   Court's inquiry at the close of the people's proofs and in the presence of the jury whether a co-defendant had any defense did not constitute reversible error as an adverse comment as to his failure to testify where his counsel did not object to the inquiry, considering the time and context of the statement, and that the court properly charged the jury regarding the people's burden of proof, the defendant's presumption of innocence, and his privilege to remain silent.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 May 5, 1970, at Detroit. (Docket Nos. 6,565, 6,840.) Decided October 28, 1970.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law §§ 333–344.
[2] 21 Am Jur 2d, Criminal Law §§ 356, 366.

Ronald R. Smith, James H. Pritchett, and Eddie Henry Ringo were convicted of assault with intent to rob, being armed. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendants on appeal.

Before: V. J. BRENNAN, P. J., and McGREGOR and AGER,* JJ.

McGREGOR, J.  The defendants herein were tried together and found guilty of assault with intent to rob, being armed.  CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284).  The defendants appeal their convictions.

Testimony established that the offense charged was committed.  Defendants Pritchett and Ringo were identified as the two armed participants, while the third defendant was identified as a person who, shortly before the commission of the offense, bought a package of cigarettes and then left the store where the robbery occurred.

After defendant Smith was arrested, he made a statement to police which, after a *Walker* hearing,[1] was introduced as evidence against defendant Smith.

Defendant Smith, on appeal, contends that the trial court erroneously characterized his statement to the police as an "admission", which gave the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.  (As to voluntariness of defendant's statement.)

impression to the jury that the defendant had admitted guilt. Although the court once did refer to defendant's statement as an admission, no objection was made and this failure to object precludes raising the issue on appeal. Furthermore, a reading of the trial transcript, which shows the context in which the word admission was used, indicates that the word contained no inference that the court had concluded that the defendant admitted guilt.

Defendants Pritchett and Ringo claim they were denied their right of confrontation of the witnesses, as secured by the 6th Amendment and made applicable to the states. *Pointer* v. *Texas* (1965), 380 US 400 (85 S Ct 1065, 13 L Ed 2d 923). During the trial, defendant Smith's statement, which defendants Pritchett and Ringo claim inculpated them, was introduced in evidence against Smith. *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 2d 476), held that the admission of a non-testifying codefendant's statement implicating a defendant at a joint trial constituted a denial of the right to confrontation when there is no effective way to cross-examine the codefendant regarding the statement.

Smith's statement did not inculpate the other codefendants. The trial court properly made deletions in Smith's statement of all reference to the names of any codefendants. In fact, the statement does not show that there were any other persons involved in the commission of the crime and in no way served to implicate the other defendants. *People* v. *Patton* (1968), 15 Mich App 198, 201; *Bailey* v. *United States* (CA 10, 1969) 410 F2d 1209; *United States* v. *Gregg* (CA 7, 1969), 414 F2d 943.

At the close of the people's proofs and in the presence of the jury, the court made the following inquiry:

"All right, we will take them in the order they are sitting. Does the defendant Ringo have any defense?"

Defendant Ringo now contends that, inasmuch as he did not testify at the trial (although the other two defendants, Smith and Pritchett, took the witness stand in their own behalf), this inquiry by the court constituted an adverse comment as to his failure to testify. *Griffin* v. *California* (1965), 380 US 609 (85 S Ct 1229, 14 L Ed 2d 106). The people contend that the record indicates the question was asked merely to determine whether Ringo proposed to present any testimony.

At no time did defense counsel offer any objection to this inquiry, although defendant's trial attorney had, contemporaneously with this inquiry, objected to another matter and asked the court to excuse the jury. After reviewing the record and considering the time and context in which the statement was made, coupled with the fact that the trial judge properly charged the jury regarding the people's burden of proof, the presumption of innocence, and defendant's privilege to remain silent, we conclude that there was no reversible error committed. See *People* v. *Hider* (1968), 12 Mich App 526; see also *People* v. *Waters* (1969), 16 Mich App 33.

The final error alleged by Ringo and Pritchett was not raised at trial and cannot now be reviewed, in the absence of a miscarriage of justice.

Convictions affirmed.

All concurred.