## PEOPLE v CHANDLER

1. EVIDENCE—ADMISSIONS—AUTOMOBILE DRIVERS—POLICE OFFICERS.

   Admissions made to a police officer by the driver of an automobile involved in an accident are admissible in any court proceeding.

2. CRIMINAL LAW—DIRECTED VERDICT—EVIDENCE—ELEMENTS OF CRIME.

   A directed verdict of acquittal is appropriate when the evidence which has been introduced at the time the motion for directed verdict is made, viewed in the light most favorable to the prosecution, is insufficient to justify a reasonable man in concluding that all of the elements of the crime are established beyond a reasonable doubt.

3. CRIMINAL LAW—EVIDENCE—NEGLIGENT HOMICIDE—DIRECTED VERDICT.

   Sufficient evidence was presented to justify denial of a defendant's motion for a directed verdict in a trial for negligent homicide where the deceased died by a violent external force and was found by police lying on a stretcher next to a damaged automobile, there was no evidence of any other damaged automobile in the area, the evidence of the vehicle's speed included lengthy skid marks and extensive damage to the automobile, and the defendant admitted to police officers that he had been driving the automobile.

4. CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—INSTRUCTIONS TO JURY.

   An additional instruction to the jury dealing with the use of circumstantial evidence is not required where a case does not depend entirely on circumstantial evidence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 597–602.
[2] 75 Am Jur 2d, Trial §§ 473, 474.
[3] 75 Am Jur 2d, Trial § 496 *et seq.*
[4] 75 Am Jur 2d, Trial §§ 843–853.
[5] 75 Am Jur 2d, Trial §§ 545, 546.

5. Negligence—Instructions to Jury—Defective Vehicle—
    Knowledge of Defect—Statutes.

   An instruction on negligence in a trial for negligent homicide
   which informed the jury that a person can be found negligent if
   he operates a vehicle knowing that it is defective and that
   there is the possibility of a failure did not improperly direct a
   verdict of guilty and was not erroneous (MCLA 750.324; MSA
   28.556).

Appeal from Recorder's Court of Detroit, An-
drew C. Wood, J. Submitted April 13, 1977, at
Grand Rapids. (Docket No. 25351.) Decided May
16, 1977.

Albert W. Chandler was convicted of negligent
homicide. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Re-
search, Training & Appeals, and *Anne B. Wether-
holt,* Assistant Prosecuting Attorney, for the peo-
ple.

*Nelson & Louisell,* for defendant on appeal.

Before: D. E. Holbrook, P. J., and Bashara and
R. E. A. Boyle,* JJ.

D. E. Holbrook, P. J. Defendant was convicted
by a jury of negligent homicide, MCLA 750.324;
MSA 28.556. On July 16, 1975, he was sentenced
to two years probation, 60 days in the Detroit
House of Correction, and assessed $500 in costs.
Defendant appeals as of right.

On May 12, 1974, at approximately 5 p.m. an
automobile accident was discovered on Dunn Road
in the City of Detroit. There were no eyewitnesses

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to the accident. Two of the occupants died as a result of an external violent force. The deceased, the subject of this case, was seen alive and healthy by his father 30 minutes earlier. His body was found by police officers on a fire department stretcher near the car. There was no evidence of any other damaged cars in the area. Evidence indicated the accident began at the beginning of a series of 58 feet of bumpy railroad tracks and continued for at least 96 feet of paved road. At the end of the skid marks there were scrape marks along a building which corresponded to the scrape marks on the damaged front and right side of the automobile. The car came to a stop approximately 40 feet from the end of the scrape marks. The accident occurred at a curve in the dry road over bumpy railroad tracks during daylight hours. Defendant admitted to being the driver of the automobile in question upon investigation by a police officer. Defendant maintained that this statement was inadmissible and moved to quash the information. This motion was denied. Also defendant moved for a directed verdict at the close of the people's case and this motion was also denied.

At trial defendant took the stand on his own behalf. He stated that he was driving approximately 50 to 55 miles per hour. He also indicated that he knew he had problems with his power steering. Defendant indicated that he had not had it fixed because he could not afford it. Defendant further indicated that he had gone to get the steering serviced once, but had not had time to have the repairs completed and on his own continued to add power steering fluid at least twice a week.

Defendant initially contends that the following provision of the motor vehicle code precluded ad-

mission of his statement that he was the driver of the automobile: "The reports required by this chapter[1] shall not be available for use in any court action, but it shall be for the purpose of furnishing statistical information as to the number and cause of accidents." MCLA 257.624; MSA 9.2324. Long ago the Supreme Court held that a police officer's testimony regarding admissions by a driver were admissible in a civil case in spite of this statute.

" 'The statutory bar to use in any court action of reports required in the motor vehicle code to be made with reference to cars involved in accidents applies to reports made by drivers of vehicles involved and garage keepers under certain circumstances and has no application to notes or to reports made by investigating police officers of physical facts they have observed and *admissions made to them by drivers* of motor vehicles at the scene of the accident for use either as evidence or refreshing a witness's recollection (PA 1949, No. 300, § 624).' " *Carlson v Brunette,* 339 Mich 188, 193–194; 63 NW2d 428 (1954), citing *Wallace v Skrzycki,* 338 Mich 165; 61 NW2d 106 (1953). (Emphasis added.)

This Court has held such principles are equally applicable to a criminal proceeding against a driver. *People v John F Morgan,* 24 Mich App 604; 180 NW2d 508 (1970). Defendant contends, however, that an earlier decision of this Court held to

---

[1] MCLA 257.622; MSA 9.2322 provides as follows:

"The driver of every motor vehicle involved in an accident resulting in injury or death of any person or total damage to all property to an apparent extent of $200 or more shall forthwith report such accident to the nearest or most convenient police station or police officer. The officer receiving such report or his commanding officer shall forthwith forward each individual report to the director of state police on forms prescribed by him which shall be completed in full by the investigating officer. The director of state police shall analyze each report relative to the cause of the reported accident and shall prepare for public use the information compiled from the reports. A copy of the report required under sections 621 and 622 of this act shall be retained for at least 3 years at the local police or sheriff's department or local state police post making the report."

the contrary as to criminal trials and should be controlling. *People v Gilbert,* 8 Mich App 393; 154 NW2d 800 (1967). We have reviewed both cases thoroughly and feel that the *Morgan* decision is correct and accept the distinguishment contained therein of the *Gilbert* decision. *People v Morgan, supra,* at 607. We feel this decision is further buttressed by the recent Supreme Court holding in *Moncrief v Detroit,* 398 Mich 181, 191; 247 NW2d 783 (1976):

"We mention in passing that MCLA 257.622; MSA 9.2322 and MCLA 257.624; MSA 9.2324 have no application in this case. These statutes deal with reports by local police to the Director of State Police concerning accidents resulting in injury, death or property damage in excess of $200. These particular reports, commonly referred to as 'redline' reports, are made on forms supplied to the local police agencies by the state police, and include the investigating officer's opinion regarding the causes of the accident. The information is used for statistical purposes. The statute prohibits use of these reports in evidence. This statutory proscription, however, is confined to the reports mandated by the statute, and has no effect on the rules of evidence regarding the police officer's personal notes or the routine report, usually entitled 'Motor Vehicle Accident Report', that the officer takes at the scene of the accident."[2]

---

[2] Justice LEVIN, dissenting on other grounds, basically agreed with the Court's interpretation of MCLA 257.624; MSA 9.2324.

"The provision of the Motor Vehicle Code precluding the *'use in any court action'* of accident 'reports required by this chapter' refers to the report required of a driver involved in an accident resulting in injury or death or property damage exceeding $200, and not to 'notes or report' made by an investigating police officer.

"In *Wallace v Skrzycki,* 338 Mich 164, 174, 177; 61 NW2d 106 (1958), after a review of earlier cases, this Court said that 'the statute * * * does not bar a police officer from testifying concerning physical facts observed by him or admissions made to him by drivers of vehicles at the scene of an accident and * * * police reports of accidents are not barred by the statute for use as evidence or refreshing a witness's recollection.'" *Moncrief v Detroit,* at 199–200. (Footnotes omitted.) (Emphasis added.)

There no longer can be any doubt that admissions made by a driver to a police officer are admissible in *any court* proceeding.

Defendant also cites *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966), as support for his contention that this statement was inadmissible. We find this argument of no merit. *People v Ridley,* 396 Mich 603; 242 NW2d 402 (1976), *People v Morgan, supra.*

Defendant also contends that the court erred in denying his motion for a directed verdict at the close of the prosecution's case. A directed verdict is appropriate when the evidence introduced at the time the motion was made, viewed in the light most favorable to the prosecution, is insufficient to justify a reasonable man in concluding that all of the elements of the crime are established beyond a reasonable doubt. *People v Scott,* 72 Mich App 16, 19; 248 NW2d 693 (1976), *People v Royal,* 62 Mich App 756; 233 NW2d 860 (1975). The instant case charged negligent homicide, MCLA 750.324; MSA 28.556. The following evidence was adduced at trial: (1) the deceased with whose death defendant was charged died by a violent external force, (2) the deceased was found on a stretcher next to the automobile when EMS attendants arrived, (3) there was no evidence of any other damaged car in the area, (4) the evidence concerning the speed of the vehicle included lengthy skid marks of approximately 154 feet and extensive damage to the automobile, and (5) defendant admitted to police officers that he was driving the automobile. This was sufficient.[3] See *People v Lovett,* 58 Mich App

[3] Essentially the same facts were presented at the preliminary examination and, therefore, contrary to defendant's position, there was sufficient evidence to bind defendant over for trial. *People v Norwood,* 68 Mich App 730, 734–735; 243 NW2d 719 (1976).

126; 226 NW2d 861 (1975), *People v Campbell,* 237 Mich 424; 212 NW 97 (1927).

Defendant also asserts that the trial court erred by refusing to give a requested additional instruction dealing with circumstantial evidence. This case did not depend entirely on circumstantial evidence and, therefore, additional instruction on the use of circumstantial evidence was not required. *People v Dellabonda,* 265 Mich 486, 513; 251 NW 594 (1933).

Defendant contends that the trial court's instruction on negligence in essence directed a verdict of guilty. The court gave the following instruction:

"Therefore, as far as equipment violations, sudden failure, without any prior knowledge or any prior reason to believe that the failure would take place can absolve a person of ordinary negligence or any negligence. On the other hand, if you know the conditions and despite the conditions, you operate the vehicle knowing the possibility that there will be a failure, then you can be guilty of ordinary negligence by operating the vehicle and knowing of its defective condition existing."

The trial court was careful and used the word "can" instead of "is" and, furthermore, the jury had to find the underlying facts before it could find negligence. There was no error. *People v Rosemary Gibson,* 71 Mich App 543; 248 NW2d 613 (1976).

Affirmed.