## PEOPLE v SCHMIDT

Docket No. 129916. Submitted March 19, 1992, at Lansing. Decided September 21, 1992, at 9:15 A.M.

Paul O. Schmidt was convicted by a jury in the 65th District Court, Jeffrey L. Martlew, J., of failing to report to the police a motor vehicle accident involving property damage apparently amounting to at least $200. MCL 257.622; MSA 9.2322. The defendant had driven a pickup truck into a river and had called a towing service to have the truck removed from the river, but had not been present when the truck was pulled out of the river and the tow truck operator and a sheriff's deputy observed damage to the truck. The Clinton Circuit Court, Randy L. Tahvonen, J., affirmed, rejecting the defendant's claim that conviction was improper in the absence of evidence showing that damage to the truck had been apparent to the defendant or, if damage had been apparent, that it amounted to at least $200. The defendant appealed by leave granted.

The Court of Appeals *held:*

Property damage apparently amounting to at least $200 is an essential element of the offense for which the defendant was prosecuted. The prosecution needed to offer, but did not, expert or lay opinion testimony regarding the value of the truck or the damage it sustained. Damage to a vehicle resulting from submersion in water is not such a matter of common knowledge that the jurors could rely on their knowledge and experience in deciding whether damage amounted to at least $200.

Reversed and remanded for entry of a directed verdict of not guilty.

WEAVER, J., concurring in the result only, stated that no damage to the truck could have been apparent to the defendant because he was not present when the damage became apparent after the truck was removed from the river.

CRIMINAL LAW — FAILURE TO REPORT MOTOR VEHICLE ACCIDENT.

The extent of apparent damage to a motor vehicle submerged in

REFERENCES

Am Jur 2d, Damages §§ 976-979; Evidence §§ 21, 148; Expert and Opinion Evidence §§ 310-318.

See the Index to Annotations under Expert and Opinion Evidence.

a river following an accident is outside the scope of jurors' common knowledge and experience in a prosecution for failing to report to the police a motor vehicle accident involving property damage amounting to at least $200; accordingly, the prosecution in such a case must offer expert or lay opinion testimony regarding the extent of the damage to the vehicle (MCL 257.622; MSA 9.2322).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Charles D. Sherman,* Prosecuting Attorney, and *Kevin D. Hayes,* Assistant Prosecuting Attorney, for the people.

*Richard R. Rashid,* for the defendant.

Before: SULLIVAN, P.J., and WEAVER and JANSEN, JJ.

SULLIVAN, P.J. A district court jury found defendant guilty of failing to report a motor vehicle accident. MCL 257.622; MSA 9.2322.[1] The court fined defendant $100 and placed him on probation for one year. As a condition of probation, the court suspended defendant's driving privileges for twenty-one days, reserving fourteen of those days until the end of the probation period, at which time his record on probation would be reviewed and, if found to be satisfactory, the reserved suspension time would be waived. The circuit court denied defendant's motion for reversal without retrial and affirmed the judgment. Defendant appeals to this Court by leave granted, claiming that the evidence was insufficient to show that it was apparent that the damage to the vehicle was in an amount of at least $200. We reverse.

On June 29, 1989, defendant drove his father's 1981 Chevrolet pickup truck off the road, over some small trees, down a riverbank, and partially

---

[1] A violation of this provision is a misdemeanor under MCL 257.901; MSA 9.2601.

into the Looking Glass River. The accident happened at 1:30 A.M. in dense fog. Neither defendant nor a friend who returned to the scene with him could see any damage to the truck, other than its partial submersion. Defendant went home and called a towing service, then returned to the scene with his roommate at about 4:00 A.M.; the tow truck had not yet arrived. Neither defendant nor his roommate could see any damage to the truck.

The towing service had informed the sheriff's department of the accident. A deputy arrived at the scene at about 4:30 A.M., but defendant had already left. The responding officer could not see the damage to the truck until after it was removed from the river. The sheriff's department contacted defendant's father, who said that defendant had possession of the vehicle that night. After defendant went to work later that morning, his roommate called the towing service and was informed that the sheriff's office had put a hold on the truck until the driver contacted the sheriff's office. That evening, defendant went to the sheriff's office and answered questions regarding the accident.

The deputy testified that there was "quite a bit" of front-end damage to the truck, but he would not describe it as "severe." Defendant testified that there was also water damage to the engine and that the insurance company considered it a total loss. There was, however, no evidence of either the cost of repair or the value of the truck at the time of the accident.

The trial court sustained defendant's objections to allowing the deputy sheriff to offer an opinion regarding the apparent dollar value of the damage. The court refused to take judicial notice as requested by the prosecutor, but left it to the jurors to determine, on the bases of their common

knowledge and general experience, whether the damage appeared to exceed $200.

Defendant moved for a directed verdict on the ground that there was no evidence that the damage was in an amount of at least $200, or that the damage was apparent to defendant. The district court denied the motion.

Defendant was charged under § 622 of the Vehicle Code, MCL 257.622; MSA 9.2322, which provides in relevant part:

> The driver of every motor vehicle involved in an accident resulting in injury or death of any person or total damage to all property to an apparent extent of $200.00 or more shall forthwith report such accident to the nearest or most convenient police station or police officer.

The purpose of the accident-report statute is to apprise the police that an accident has occurred and provide them with statistical information concerning the number and causes of accidents. *People v Morgan,* 24 Mich App 604, 606; 180 NW2d 508 (1970); MCL 257.624(1); MSA 9.2324(1). The question presented by this case is whether, in a prosecution for a violation of this statute with regard to an accident involving property damage only, the prosecutor must prove the dollar value of the property damage.

By the express terms of the statute, damage to property "to an apparent extent of $200 or more" is an essential element of the offense. MCL 257.622; MSA 9.2322. The prosecutor had the burden of introducing some evidence of value, either the opinion of a qualified expert or the testimony of a person with knowledge, under the applicable rules of evidence.

Jurors may not use their own private or secret

information concerning a matter at issue. They may, however, view the evidence presented in the light of their general knowledge of the field embraced within the scope of the inquiry. *Deyo v Detroit Creamery Co,* 257 Mich 77, 84; 241 NW 244 (1932). Jurors must determine the facts in the case from the evidence received at trial; they may not decide matters that are not of common knowledge or experience. *Burrows v Delta Transportation Co,* 106 Mich 582, 599; 64 NW 501 (1895); CJI2d 3.5(9).

Thus, it is proper for jurors, on the basis of their experience, to reject testimony of a witness regarding the apparent damage to a defendant's motor vehicle; they may not, however, supply the only evidence of such value. A defendant under those circumstances would be convicted on the basis of evidence not apparent from the record, about which the defendant has had no opportunity to confront his accusers, and which is based on matters not reviewable for sufficiency on appeal.

This case went to the jury with no record evidence of actual value, which must be a prerequisite to defendant's reporting obligation based on "apparent" value. The evidence was undisputed that the front-end damage was not apparent until the vehicle was removed from the water. We cannot say that the damage to a vehicle resulting from submersion in water is of such common knowledge that no proof was required and the jurors could rely on their knowledge and experience.

The court erred in submitting the case to the jury without proof that the damage to the vehicle was in an amount of at least $200 and that the extent of the damage was apparent.

Reversed and remanded for entry of a directed verdict of not guilty. We do not retain jurisdiction.

JANSEN, J., concurred.

WEAVER, J. *(concurring).* I concur in the result only and write separately because I do not agree that "the prosecutor had the burden of introducing some evidence of value, either the testimony of a qualified expert, or the testimony of a person with knowledge . . . ."

What the prosecutor needed to introduce was evidence of "total damages to all property to an apparent extent of $200.00 or more," MCL 257.622; MSA 9.2322, of which the defendant driver had knowledge before the police did.

Here the investigating deputy testified that there was "quite a bit" of front-end damage to the truck and the defendant testified that there was water damage to the engine and that the insurance company considered it a total loss. I would hold that from the evidence presented the jurors could determine, on the bases of their common knowledge and general experience, that the damage was to an apparent extent of $200 or more.

However, it was undisputed that the police were at the accident scene before the truck was removed from the river and that damage was not apparent until it was removed. The jurors could not properly find that the defendant knew of the apparent $200 or more damage before the police did. Therefore, the jury erred in convicting defendant.

For these reasons, I agree with the result to reverse.