STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
JOSEPH F. ZUCCONI, DEFENDANT-APPELLANT.

Argued October 10, 1967—Decided November 6, 1967.

Mr. *Frank M. Lario, Jr.* argued the cause for appellant (Mr. *Frank M. Lario,* Attorney; Mr. *Joseph Pierce Lodge* of counsel and on the brief).

Mr. *Joseph A. Hoffman,* Assistant Attorney General, argued the cause for respondent (Mr. *Arthur J. Sills,* Attorney General of New Jersey, Attorney; Mr. *Joseph A. Hoffman,* Assistant Attorney General, of counsel and on the brief; Mr. *Stephen Skillman,* Deputy Attorney General, on the brief).

The opinion of the court was delivered

PER CURIAM. On December 4, 1964 defendant's automobile was involved in a collision with another motor vehicle and an occupant of defendant's vehicle was killed. The defendant was charged with careless driving (*N. J. S. A.* 39:4–97), and was convicted in municipal court and in a trial *de novo* by the county court on appeal. The central issue before the municipal court and the county court was whether the defendant or the decedent was operating de-

fendant's automobile at the time of the accident. The State's proof on this issue consisted of admissions made by defendant to the State Trooper who investigated the accident. On December 16, 1964 the trooper interviewed the defendant at the hospital where he was being treated for injuries he received in the accident, and on December 20, 1964 the trooper again interviewed him at his home. The trooper testified that on both occasions the defendant stated that he had been driving the vehicle. At the interview of December 20 defendant, at home and in the presence of members of his family, signed a typewritten statement in which he admitted that he was the operator of the vehicle at the time of the collision. However, at the trial below the defendant testified that the deceased occupant, and not the defendant, was the driver of the vehicle at the time of the collision.

Defendant argues that his oral admission to the trooper and his signed statement were improperly admitted in evidence because he was not informed of his fifth and sixth amendment rights, citing *Miranda v. State of Arizona,* 384 *U. S.* 436, 86 *S. Ct.* 1602, 16 *L. Ed. 2d* 694 (1966); *Escobedo v. State of Illinois,* 378 *U. S.* 478, 84 *S. Ct.* 1758, 12 *L. Ed. 2d* 977 (1964). The Appellate Division rejected this argument and affirmed the conviction, 93 *N. J. Super.* 380 (1967), and defendant appeals to this Court.

It is undisputed that defendant did not ask for counsel during his interviews with the State Trooper. Consequently, as we consistently have held, *Escobedo* does not apply. *E. g., State v. Ordog,* 45 *N. J.* 347, 361 (1965). *Miranda* also does not apply since the trial in the county court was held three months prior to June 13, 1966, the date for the application of that decision. *Johnson v. State of New Jersey,* 384 *U. S.* 719, 734, 86 *S. Ct.* 1772, 1781, 16 *L. Ed. 2d* 882, 893 (1966); *State v. Vigliano,* 50 *N. J.* 51, 68 (1967). Further, *Miranda* does not apply to non-custodial interrogations; the rules of that case are applicable only "when an individual is taken into custody or otherwise deprived of his freedom by the authorities * * *." 384

*U. S.,* at *p.* 478, 86 *S. Ct.,* at *p.* 1630, 16 *L. Ed. 2d,* at *p.* 726. In the present case defendant never was in the custody of the police nor was he deprived of his freedom by the authorities. The questioning here took place in defendant's hospital room and at his home: surroundings totally lacking the "compelling atmosphere inherent in the process of in-custody interrogation." *Id.,* at *p.* 478, 86 *S. Ct.,* at *p.* 1630, 16 *L. Ed. 2d,* at *p.* 726. The circumstances of the interviews here could not possibly permit the use by the authorities of the techniques of persuasion described and condemned in *Miranda. Id.,* at *pp.* 445–461, 86 *S. Ct.,* at *pp.* 1612–1621, 16 *L. Ed. 2d,* at *pp.* 707–716.

Defendant further contends that because of his physical condition resulting from the accident his statements were not made knowingly. However, our review of the record convinces us that defendant was in complete control of his faculties when the statements were made.

In view of our disposition of the case, any discussion of the further question of whether *Miranda* and *Escobedo* apply to motor vehicle cases in general would be *obiter dicta.* We decline to consider a constitutional question of this nature in a case which does not require such a decision.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, GOLDMANN, SCHETTINO and HANEMAN—7.

*For reversal*—None.