Leroy Morris **COCKRELL** and Ivy Dell
Cockrell, Petitioners,

v.

**E. J. OBERHAUSER** and Iverna Carter,
Respondents.

*No. 22660.*

United States Court of Appeals
Ninth Circuit.

June 6, 1969.

Rehearing Denied July 15, 1969.

Burton Marks (argued), Beverly
Hills, Cal., for appellant.

Rose-Marie Gruenwald (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty.
Gen., Los Angeles, Cal., for appellee.

Before BARNES and HUFSTEDLER,
Circuit Judges, and SOLOMON,* District Judge.

HUFSTEDLER, Circuit Judge:

Mr. and Mrs. Leroy Cockrell ("Leroy"
and "Ivy") appeal from an order of the
District Court denying their petitions
for writs of habeas corpus. (28 U.S.C.
§ 2241(a), (c) (3).)

On June 24, 1963, Ivy and Leroy were
each convicted of possessing for sale,
selling, and conspiring to sell marihuana, after a joint trial before a California
court sitting without a jury. Their convictions were affirmed by the California
Court of Appeal and, ultimately, by the
Supreme Court of California (People v.
Cockrell (1965) 63 Cal.2d 659, 47 Cal.
Rptr. 788, 408 P.2d 116). On June 13,
1967, they filed their petitions for federal habeas corpus, after exhausting all
state remedies.

---

* Hon. Gus J. Solomon, Chief Judge, U.S. District Court, Portland, Oregon, sitting by designation.

■ Ivy complains that some of her statements were admitted against her in violation of Escobedo v. Illinois (1964) 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. She was tried before June 22, 1964, the date upon which *Escobedo* became effective for federal constitutional purposes. (Johnson v. New Jersey (1966) 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.) No constitutional question is presented by the receipt of her statements, and we thus have no occasion to discuss further her *Escobedo*-based claims.

The remaining contentions of the petitioners stem from the admission into evidence of the testimony of a police officer reciting inculpatory statements of petitioners' codefendant, Phillips, made in Leroy's presence at the police station following his arrest, and Leroy's response to those statements. The officer testified, in substance, as follows: Miss Phillips said that around January 29 she went to Leroy's home and asked him if she could buy marihuana from him. He said she could. She told him she would return about 6 p. m. Leroy said that he would not be there, but his wife would give her the marihuana. She returned about 6 p. m. and bought marihuana from Ivy. On February 18, Miss Phillips again went to the Cockrell home and again bought marihuana from Ivy. The officer asked Leroy what he had to say about "that," and Leroy remained silent.

■ The trial court admitted the evidence against Leroy and excluded it as against Ivy. The trial court admitted the testimony against Leroy on the theory that Leroy's silence in the face of the accusatory statement was an implied admission of guilt. Receipt of that testimony violated Leroy's Fifth Amendment privilege against self-incrimination (Griffin v. California (1965) 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106; Malloy v. Hogan (1964) 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653; *cf.* Johnson v. New Jersey, *supra*, 384 U.S. 719, 86 S. Ct. 1772; Fowle v. United States (9th Cir. 1969) 410 F.2d 48), and the California Supreme Court so held (People v.

Cockrell, *supra*, 63 Cal.2d 659, 47 Cal. Rptr. 788, 408 P.2d 116). Leroy's conviction was nevertheless affirmed because that court held that the error was harmless in that it was not "reasonably probable that a result more favorable to Mr. Cockrell would have been reached in the absence of the error." (People v. Cockrell, *supra*, 63 Cal.2d at 668–669, 47 Cal.Rptr. at 795–796, 408 P.2d at 123–124.) To support its view that the error was harmless, the California court recited the other evidence against Leroy: Marihuana was found in Leroy's car, in the Cockrell's yard, and "in a number of different places in which only he and his wife lived." Under the rule of Chapman v. California (1967) 386 U. S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, a decision which came down after the California Supreme Court had affirmed Leroy's conviction, constitutional error cannot be deemed harmless unless the appellate court can say that it was "harmless beyond a reasonable doubt" (386 U.S. at 24, 87 S.Ct. at 828). Phillips' confession implicating Leroy was pungent evidence of Leroy's guilt. We cannot say that the erroneous admission of that evidence in the light of the record was so innocuous that the error was harmless beyond a reasonable doubt.

■ Leroy also contends that the admission against him of Phillips' confession violated his Sixth Amendment right of confrontation. We again agree. Leroy had no opportunity to cross-examine his codefendant Phillips. She did not testify at their joint trial. Deprivation of his right of confrontation also compels reversal of his conviction. (Roberts v. Russell (1968) 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100; Bruton v. United States (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; Douglas v. Alabama (1965) 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934; Pointer v. Texas (1965) 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.)

■ Ivy argues that she too was deprived of her right of confrontation by the admission of Phillips' confession under the *Bruton* rule. We disagree with

her. The evidence was admitted against Leroy, but not against her. *Bruton* holds that in a jury trial there is constitutional error in admitting into evidence the confession of a defendant implicating a codefendant jointly tried with him, despite an instruction limiting the admission of the confession to the confessing defendant. The core of *Bruton* is that the admission of that evidence against the confessing defendant is tantamount to its admission against his codefendant because the jury will ignore the limitation in deciding the issue of the nonconfessing defendant's guilt or innocence.

 The *Bruton* rule does not apply to Ivy because she was tried by the court and not by a jury. Nothing in *Bruton* suggests that a judge is incapable of applying the law of limited admissibility which he has himself announced.

The order of the District Court denying Ivy's petition for a writ of habeas corpus is affirmed. The order of the District Court denying Leroy's petition for a writ of habeas corpus is reversed.