**STATE of Iowa, Appellee,**

v.

**Melvin Eugene KYSETH, Appellant.**

**No. 58592.**

Supreme Court of Iowa.

April 14, 1976.

Peart & Hood, Davenport, for appellant.

Richard C. Turner, Atty. Gen., and Edward N. Wehr, Scott County Atty., for appellee.

Submitted to MOORE, C. J., and LeGRAND, UHLENHOPP, HARRIS, and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves the propriety of admission into evidence of testimony of a verbal exchange between a peace officer and defendant Melvin Eugene Kyseth.

Corporal David P. Struckman, investigating a motor vehicle accident, found defendant lying on the street near the scene. An ambulance transported defendant to a hospital.

The officer then received information the vehicle involved in the accident had been stolen. He went to the hospital, where he had previously interviewed individuals in other investigations. He found defendant in the emergency room with an attending physician. Defendant was injured but conscious and alert. The officer asked the physician if he could interview defendant, and then gave defendant the Miranda warning. Defendant said he understood his rights. Thereupon the following occurred, as shown by later testimony:

Q. [By prosecutor] After advising Mr. Kyseth of his rights, what did you then do, Corporal? A. [Officer] I asked him if he was operating the motor vehicle that was involved in the accident.

Q. Did he respond? A. He said that he was operating that vehicle.

Q. What followed that? A. I then asked him where he was going and where he was coming from.

Q. Did he respond to that? A. No, sir, he did not answer that.

Q. When you say that he did not answer that, what do you mean? A. He made no effort of saying yes or no. He stated that he wanted to talk to his attorney.

Q. Was his response that he wished to talk to his attorney immediate or was there some delay? A. There was—excuse me. There was some delay.

Q. When he stated to you that he wanted to talk to his attorney what hap-

pened? A. I then asked him for the name of his attorney and offered to contact his attorney for him to get him there at the scene—at the hospital.

Q. What was his response to that? A. He stated that he would make his own efforts to contact his attorney.

Q. What did you do then? A. I asked him again, where he had been going, what he had been doing. He stated that he had been out drinking. . . . And then, I asked him, you know, where he had been going, where he had been coming from, and he wouldn't answer these questions so I discontinued my questioning.

The officer then left the hospital, and defendant remained for treatment of his injuries.

Three days later Corporal Struckman charged defendant by preliminary information with larceny of a motor vehicle. Upon subsequently leaving the hospital, defendant appeared before the district court, which appointed counsel for him. Still later, an assistant county attorney charged defendant with the same offense, and defendant pleaded not guilty.

Before trial, defendant moved to suppress the conversation we have set out. The trial court overruled the motion. At trial, the State offered testimony of the conversation. Defendant objected on the grounds of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The trial court overruled the objection and the conversation came into evidence.

The jury found defendant guilty of the included offense of operating a motor vehicle without the owner's consent, and the trial court passed sentence. Defendant appealed.

In this court defendant contends that the trial court erred in overruling his motion to suppress the conversation and in overruling his similar objection at trial.

■ I. The officer gave the *Miranda* warning, and defendant initially answered a question by stating that he was driving the car. This question and defendant's answer were thus admissible in any event. But when an officer has a person in custody or has otherwise deprived the person of his freedom of action in any significant way, *Miranda* proscribes *further* interrogation after the person indicates he does not desire to say more or wishes to consult an attorney. After the initial answer, defendant was unwilling to answer further, except to say he had been drinking. He also stated he wished to talk with his attorney. If *Miranda* applies here, all of the conversation was inadmissible after the initial question and answer. Does *Miranda* govern this situation?

■ *Miranda* applies to "custodial interrogation." Custodial interrogation means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona,* supra, 384 U.S. at 444, 86 S.Ct. at 1612, 16 L.Ed.2d at 706. We have examined decisions dealing with this subject, and we hold that Officer Struckman did not engage in "custodial interrogation" at the time of the conversation and that *Miranda* therefore does not apply. Compare *Robinson v. State,* 45 Ala.App. 74, 224 So.2d 675; *State v. Ross,* 183 Neb. 1, 157 N.W.2d 860; and *Vandegriff v. State,* 219 Tenn. 302, 409 S.W.2d 370, with *State v. Brunner,* 211 Kan. 596, 507 P.2d 233; *People v. Gilbert,* 8 Mich.App. 393, 154 N.W.2d 800; *State v. Zucconi,* 50 N.J. 361, 235 A.2d 193; and *People v. Phinney,* 22 N.Y.2d 288, 292 N.Y.S.2d 632, 239 N.E.2d 515. See also *Escobedo v. Illinois,* supra, at 490–491, 84 S.Ct. at 1765, 12 L.Ed.2d at 986 (where "the suspect has been taken into police custody"); *Lamb v. United States,* 414 F.2d 250 (9 Cir.); *Johnson v. State,* 252 Ark. 1113, 482 S.W.2d 600; *State v. Sandoval,* 92 Idaho 853, 452 P.2d 350; *State v. Davis,* 261 Iowa 1351, 157 N.W.2d 907; *In re Carter,* 20 Md.App. 633, 318 A.2d 269, affd. sub nom. *In re Spalding,* 273 Md. 690, 332 A.2d 246;

*Commonwealth v. Cutler*, 356 Mass. 245, 249 N.E.2d 632; *State v. Hoskins*, 292 Minn. 111, 193 N.W.2d 802; *State ex rel. Berger v. District Court of Thirteenth Judicial Dist.*, 150 Mont. 128, 432 P.2d 93; *State v. Lopez*, 79 N.M. 282, 442 P.2d 594; *Commonwealth v. Frye*, 433 Pa. 473, 252 A.2d 580, cert. den. 396 U.S. 932, 90 S.Ct. 273, 24 L.Ed.2d 231; *State v. Ryan*, 113 R.I. 343, 321 A.2d 92. Hence the conversation subsequent to the initial answer is not inadmissible on the basis of *Miranda* and for the same reason it is not inadmissible under *Escobedo.*

■ II. Defendant also objected, however, on the grounds of the Fifth and Sixth Amendments—which apply to the states through the Fourteenth Amendment. The testimony at the hearing on the motion to suppress showed that after the initial question and answer, defendant chose to answer a question by stating that he had been drinking. That testimony also showed, however, that he was unwilling to say where he had been, where he was going, and what he had been doing, and that he said he wanted to talk to his attorney. Quite apart from *Miranda* and *Escobedo*, the trial court should have sustained the motion to suppress evidence of those unanswered questions, which showed that defendant exercised his Fifth Amendment right, and also of defendant's statement that he desired to talk to his attorney, which showed he exercised his Sixth Amendment right. Fifth Amendment: *State v. Kelsey*, 201 N.W.2d 921 (Iowa); *United States v. Bridges*, 499 F.2d 179 (7 Cir.), cert. den. 419 U.S. 1010, 95 S.Ct. 330, 42 L.Ed.2d 284; *Johnson v. Patterson*, 475 F.2d 1066 (10 Cir.), cert. den. 414 U.S. 878, 94 S.Ct. 64, 38 L.Ed.2d 124; *United States v. Matos*, 444 F.2d 1071 (7 Cir.); *United States v. Allsenberrie*, 424 F.2d 1209 (7 Cir.); *United States v. Semensohn*, 421 F.2d 1206 (2 Cir.); *United States v. Wick*, 416 F.2d 61 (7 Cir.), cert. den. 396 U.S. 961, 90 S.Ct. 436, 24 L.Ed.2d 425; *Cockrell v. Oberhauser*, 413 F.2d 256 (9 Cir.), cert. den. 397 U.S. 994, 90 S.Ct. 1130, 25 L.Ed.2d 401; *Fowle v. United States*, 410 F.2d 48 (9 Cir.); *Boeckenhaupt v. United States*, 392 F.2d 24 (4 Cir.), cert. den. 393 U.S. 896, 89 S.Ct. 162, 21 L.Ed.2d 177; *United States v. McKinney*, 379 F.2d 259 (6 Cir.). Sixth Amendment: *United States v. Faulkenbery*, 472 F.2d 879 (9 Cir.), cert. den. 411 U.S. 970, 93 S.Ct. 2161, 36 L.Ed.2d 692; *Baker v. United States*, 357 F.2d 11 (5 Cir.); cf. *United States v. Liddy*, 166 U.S.App.D.C. 95, 509 F.2d 428 (D.C.Cir.); *United States ex rel. Macon v. Yeager*, 476 F.2d 613 (3 Cir.), cert. den. 414 U.S. 855, 94 S.Ct. 154, 38 L.Ed.2d 104. Moreover, since the prosecutor knew in advance what the testimony would be, he should not have asked the questions in the jury's presence which elicited testimony showing defendant's assertion of his constitutional rights. See *State v. Levy*, 160 N.W.2d 460 (Iowa); cf. *State v. Allen*, 224 N.W.2d 237 (Iowa).

In sum, the trial court correctly overruled the motion to suppress, and the prosecutor properly interrogated at trial, as to the questions defendant chose to answer: that he was driving and that he had been drinking. But the trial court erred in not suppressing, and the prosecutor improperly interrogated, as to the rest of the conversation. Because of this error by the court and impropriety of the prosecutor, defendant is entitled to retrial on the included charge of operating a motor vehicle without the owner's consent.

REVERSED.