STATE of Iowa, Appellee,

v.

Junior Allen PORTER, Appellant.

No. 62013.

Supreme Court of Iowa.

Sept. 19, 1979.

Martha Sheppard and Robert R. Rigg, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Dan Johnston, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

During the defendant's trial for breaking and entering with intent to commit larceny (§ 708.8, The Code 1977) evidence was admitted of the exercise of his right to remain silent. We reverse the judgment of defendant's conviction and remand the case for a new trial.

Defendant and a companion were arrested during the nighttime of October 28, 1979, in the Willard Elementary School in Des Moines, Iowa. Defendant readily admitted at trial that he entered after his companion had broken a window and that he had been found hiding under furniture in a third floor classroom.

I. Testifying in chief, as a witness for the State, the defendant's arresting officer was questioned and answered as follows:

Q. What, if anything, did you do with the defendant then? A. I handcuffed him, advised him of his constitutional rights and we went outside the room in the hallway, just out the room where both subjects were arrested and questioned both subjects.

Q. Well, did you have some discussions with Mr. Porter? A. Yes, I did, but nothing of any significance or—he was hesitant to say anything, which was his right. He didn't want—

At this point defense counsel interrupted and, out of the presence of the jury, objected to the testimony. On the basis of the

objection the trial court ordered a part of the answer stricken and advised the jury as follows:

> Let the record, show, Mr. Reporter, that on motion of counsel for the defendant to strike that portion of the answer of the witness "he was hesitant to say anything, which was his right" is sustained. That portion of the answer is stricken and the jury's admonished to disregard it. You may proceed.

Thereafter the testimony of the officer continued:

> Q. Officer, do you remember what rights you advised the defendant of? A. Yes, I advised him that he had the right to remain silent, that he had the right to have an attorney, to have him present during questioning; if he could not afford one, one would be appointed by the Court and he could have him present before I questioned him. I asked him if he understood his rights and I asked him afterwards when we were out in the hall if he wanted to make any statements.

At this point defense counsel again interrupted and objected on the basis that the witness should not be allowed to testify of the exercise of defendant's right to remain silent. The court overruled the objections, stating, "That objection is overruled. He has a right to testify as to what rights he gave him and the answer may stand. You may proceed." Later testimony of this same witness was as follows:

> Q. Did you enter into any conversations with the defendant at or near the point of entry? A. Yes. When I was taking him down the three flights of stairs to the point of entry, I asked him some general questions and some specific questions. I asked him if he knew this building was alarmed and he stated that he didn't. I asked him what they were doing in there, and I don't recall if he said anything; quite a few questions I asked that he didn't answer.

Still later in the witness's testimony the following occurred:

> Q. Were any statements which the defendant made at or near the point of entry? A. Yes.

> . . . . .

> A. Once we were down there I asked him where they went from the initial point of entry. He explained down the hall on that floor, that they had not taken anything from that floor—

> . . . . .

> . . . A. . . . From the point of entry I asked him where they had gone from there. He wouldn't tell me specifically where they had gone, but that they had ended up—

At this point defense counsel once again interrupted and objected to the testimony of defendant's exercise of his constitutional right to remain silent. The trial court ruled:

> He may testify as to what was said after he was advised of his rights. You may state what the defendant said after he was advised of his rights. That's what he's testifying to now.

> MR. RIGG [defense counsel]: Your Honor, he's saying the defendant did not say anything, if I am not mistaken.

> THE COURT: You may state what the defendant said, if anything. If he didn't say anything, why, state that. You may proceed. Just tell what the defendant said at that point, not what he wouldn't say or other things, just state what he told you.

■ Defendant argues that the admission of this testimony of his silence was error and we agree. We think the testimony fell within the proscription explained in *State v. Kyseth*, 240 N.W.2d 671, 674 (Iowa 1976). The testimony was not admissible, as the State suggests, under *State v. Canada*, 212 N.W.2d 430, 434–35 (Iowa 1973).

■ II. A much closer question is presented on whether the error we have found is harmless. The defendant's right to remain silent is grounded in the Fifth and Sixth Amendments which apply to the states through the Fourteenth Amendment of the United States Constitution. The

right of an accused to remain silent without fear of being chided at trial for doing so is clearly a fundamental right. *Kyseth*, 240 N.W.2d at 674. Because a fundamental right is involved the error can be harmless only if it is shown to be harmless beyond a reasonable doubt. *State v. Nelson*, 234 N.W.2d 368, 372 (Iowa 1975).

The case against the defendant, especially in view of his admissions at trial, is very strong. The State believes the case is so strong as to render the error harmless. The defendant admitted he was in the building and had entered when his companion broke the glass. He admitted he was apprehended in a third floor classroom near his companion. The officers testified a watch stolen from the building was found on the person of defendant's companion but no one testified any stolen goods were found on defendant.

Defendant based his entire defense on the ground that one element of the crime was lacking: that the entering was done with intent to commit larceny. The defendant testified he and his companion entered the building only to get warm. He stated they parted company soon after they entered the building and that he himself fled to the third floor only when a police car approached. It was only a coincidence, according to the defendant, that he and his companion ended up in the same dark classroom on the third floor.

Yet, on this record we cannot say the error was harmless beyond a reasonable doubt. The question on review is not whether we would believe the defendant's guilt was proved beyond a reasonable doubt. The question rather is whether it appears beyond a reasonable doubt that the error did not affect the accused's right to a fair trial. We cannot find that the State's burden to show defendant's criminal intent in this case was unaffected by the erroneously admitted testimony of his silence. The error requires a reversal.

III. Because the question might recur on retrial we should discuss briefly another of defendant's assignments of error. Defendant claims it was error for the trial court to refuse to instruct the jury that larceny was a lesser-included offense of breaking and entering.

■ We interpreted lesser-included offense under section 785.6, The Code 1977,[1] in a long line of cases. Principles were discussed at some length and explained in *State v. Redmon*, 244 N.W.2d 792, 796–801 (Iowa 1976). Under Iowa law we make the determination of whether one offense is a lesser-included offense of another in two steps. The first is a consideration of the elements. Under the first step we can say that one offense is necessarily included in another if the elements of the lesser offense are fewer in number than the elements of the larger and if the two offenses contain common elements so that the greater offense cannot be committed without also committing the lesser one. Stated another way:

> The lesser offense must be composed solely of some but not all elements of the greater crime. The lesser crime must not require any additional element which is not needed to constitute the greater crime. The lesser offense is therefore said to be *necessarily* included within the greater.

*State v. Stewart*, 223 N.W.2d 250, 252 (Iowa 1974), *cert. denied*, 423 U.S. 902, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975) (emphasis in original).

■ The trial court properly instructed the jury that the elements of the crime of breaking and entering in violation of section 708.8, The Code 1977, were:

1. That the defendant did break and enter the Willard Elementary School at E. 29th and Dean;

2. That he did so with intent to commit a public offense, to-wit: Larceny.

3. That he did so on or about October 28, 1977, in Polk County, Iowa.

The trial court properly instructed the jury that the elements of larceny in violation of section 709.1, The Code 1977, included:

---

1. Repealed by the 1976 Session of the 66th General Assembly, Chapter 1245(4), Section 526. For similar provision *see* Iowa R.Crim.P. 21(3).

1. The wrongful taking and carrying away of personal property of another from any place, and

2. The felonious intent of taker to convert the property to his own use.

An element of larceny was the wrongful taking and carrying away of personal property. This element was not an element of the crime of breaking and entering. Accordingly, under the first test, larceny was not a lesser-included offense of breaking and entering. The trial court did not err in refusing to instruct the jury that it was.

Because of the error in admitting testimony of the defendant's silence the judgment of the trial court is reversed and the case is remanded for a new trial.

REVERSED AND REMANDED.