# IN THE COURT OF APPEALS OF IOWA

No. 16-1315
Filed June 21, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**WILLIE CLAY WERNER,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hamilton County, Timothy J. Finn, Judge.

The defendant appeals from his convictions for sexual abuse in the second degree. **CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Between 2007 and 2014, Willie Werner molested three of his minor granddaughters on several occasions. The three children testified at trial generally consistent with one another and generally consistent with their previous accounts of the sexual abuse. Following trial by jury, Werner was convicted of five counts of sexual abuse in the second degree, in violation of Iowa Code section 709.3 (2013), and two counts of sexual abuse in the third degree, in violation of Iowa Code section 709.4(1)(b)(2). Werner raises a single challenge to his convictions and a single challenge to his sentences.

I.

In his challenge to his convictions, Werner claims his trial counsel provided constitutionally deficient representation in failing to object to a sheriff's deputy's testimony that the defendant requested to speak to an attorney when questioned about the allegations. Werner also claims his counsel was ineffective in eliciting similar testimony from the deputy. The prosecutor elicited the following testimony:

> Q. Did you attempt to speak with the defendant about the allegations concerning [N.V.]? A. Yes. . . . I went and talked to Mr. Werner, advised him that there [were] new allegations, and I explained to him that I needed to talk to him again, and at that point his wife told me I needed to talk to his attorney.
> Q. His wife told you that? A. Yes.

Defense counsel elicited the following testimony on cross-examination of the deputy:

Q. Now, you've said that after [N.V.] came forward, his wife declined a statement; is that correct? A. She told—when I asked him to come to the office to speak with him, she told me that I would have to contact their attorney . . . first.

Q. And so this is after he had had a chance to get the advice of an attorney; is that correct? A. Correct.

The prosecutor also asked the following:

Q. In your experience are defense attorneys also worried about their clients talking to you because they might say something incriminating?
[DEFENSE COUNSEL]: Objection. Speculation.
THE COURT: Overruled.
A. Yes.
. . . .
Q. You were asked by [defense counsel] whether the defendant confessed at any point, and you were asked when defendants usually confess. Do you remember those questions? A. Yes.
Q. I think you said they usually confess toward the end of the interview, is that right? A. I believe that's what I said, yes.
Q. Were you able to complete your interview with the defendant? A. No.

This court reviews a claim of ineffective assistance of counsel de novo. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). It is the defendant's burden to show "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* (citing *Strickland v. Washington*, 466 U.S. 688, 687–89 (1984)). "The [defendant] must prove both elements by a preponderance of the evidence." *State v. Madsen*, 813 N.W.2d 714, 724 (Iowa 2012). Failure to prove either element is fatal to the claim. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."); *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003) ("A defendant's inability to prove either element is fatal."). "If we conclude a [defendant] has failed to establish

either of these elements, we need not address the remaining element." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

To establish a breach of duty, the defendant is required to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "[C]ounsel's performance is measured against the standard of a reasonably competent practitioner." *State v. Begey*, 672 N.W.2d 747, 749 (Iowa 2003). There is a strong presumption of counsel's competence. *See Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

*Id.* "Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011).

Yet, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Under the second element, the defendant is required to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. It

is not enough that the applicant show the error had only some effect on the outcome, as nearly any act or omission by counsel results in some change to the outcome one way or another, but not necessarily in a way that would undermine its reliability. *See id.* at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The defendant has not established a breach of duty. As a general rule, a prosecutor may not comment on a defendant's failure to testify. *See State v. Bishop*, 387 N.W.2d 554, 562 (Iowa 1986). Prosecutors are not allowed to comment directly or indirectly on a defendant's exercise of his right to remain silent. *See id.*; *see also State v. Veal*, 564 N.W.2d 797, 809 (Iowa 1997); *State v. Kyseth*, 240 N.W.2d 671, 674 (Iowa 1976). Counsel had no duty to object to the question regarding Werner's wife's statement because the right to silence is personal and cannot be invoked by a third party, such as a spouse. *See Moran v. Burbine*, 475 U.S. 412, 433 n.4 (1986) ("[T]he privilege against compulsory self-incrimination is, by hypothesis, a personal one that can only be invoked by the individual whose testimony is being compelled."). Second, the right to silence does not attach to conversations where the suspect has not been given a *Miranda* warning, and Werner does not assert these discussions took place after any *Miranda* warning. *See Jenkins v. Anderson*, 447 U.S. 231, 240–41 (1980) ("We hold that impeachment by use of prearrest silence does not violate the Fourteenth Amendment."); *see also Miranda v. Arizona*, 384 U.S. 436, 468 (1966). Third, both the prosecutor's and defense counsel's questions were not

improper when viewed in the context of the defense's trial strategy. The primary strategy was to impeach the quality of the police's investigation. A detailed account of each step of the investigation was a central part of the State's case and the defendant's case.

Independently, the defendant has not established constitutional prejudice. The evidence against Werner was very strong. *See State v. Carey*, 709 N.W.2d 547, 559 (Iowa 2006) ("The most important factor under the test for prejudice is the strength of the State's case."). The children were reluctant to come forward with the accusations against their grandfather. Indeed, the matter only came to the attention of law enforcement when one of the victims disclosed the abuse to one of her friends, the friend told her parents, and the parents contacted law enforcement. Only in investigating this report did law enforcement learn of the additional victims. This suggests the children had no ulterior motive and no motive to fabricate the allegations. The three children generally testified consistent with one another. The three children were generally consistent in their recollection of events from the initiation of the case to the end of the case. They were persuasive witnesses.

Moreover, the exchanges Werner points to have little bearing on the outcome. These are relatively isolated exchanges during the course of a week-long trial. The challenged testimony does not undermine our confidence in the outcome of the trial. Furthermore, the jury was instructed that no inference could be drawn from the defendant's failure to testify. Because we assume the jury follows instructions, we assume the jury assigned no value to Werner's silence. *See State v. Davisson*, No. 15-1893, 2016 WL 7393890, at *9 (Iowa Ct. App.

Dec. 21, 2016).  This is true whether the silence was invoked prior to or during trial.  We thus affirm the defendant's convictions.

II.

Werner challenges his sentences.  The district court ordered three of the sentences to be served consecutive to each other and the remainder to be served concurrently for a total term of incarceration not to exceed sixty years.  At sentencing, the district court stated it ordered the sentences to be served consecutively due to the defendant's lack of remorse, the ongoing nature of the offenses, and the following:

> You have been convicted of at least offending, committing these sex acts against three of your grandchildren.  I believe that it is appropriate in this case to pick out one of those charges and on each of the grandchildren so that they each know that there's a penalty involved for your actions against them.
> So it will be the sentence of the Court that on Count I in regard to S.W. that I sentence you to twenty-five years in prison.
> On Count III in regard to C.W. that you be sentenced to ten years in prison.
> And on Count V in regard to N.V. that you be sentenced to twenty-five years in prison.
> Those sentences shall run consecutive to each other and you will have to complete those sentences.

Werner argues the district court's decision to impose a sentence "so that they each know that there's a penalty" is an impermissible sentencing consideration.  Specifically, the consideration of the victim's perception of the sentence is not a relevant sentencing consideration.

A sentence within the statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *State v. Formaro*, 638 N.W.2d 720, 724

(Iowa 2002). The court in applying its discretion should consider all pertinent matters, including "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999). Additional considerations are set forth in Iowa Code section 907.5.

In this case, the district court, when imposing sentence, took into consideration the victims' perception of the sentence. In *Laffey*, the supreme court held the victims' perception of the sentence was an impermissible sentencing consideration. *See* 600 N.W.2d at 62 (vacating sentences where the district court took into consideration "the difficulty that might be experienced in explaining the rationale of concurrent versus consecutive sentencing to young victims"). The State offers several reasons why *Laffey* should not control the disposition of the issue.

The State first argues *Laffey* leads to confusing results and should be overturned. We are not at liberty to overturn supreme court precedent. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

The State argues *Laffey* is limited by *State v. Millsap*, 704 N.W.2d 426, 435 (Iowa 2005). We disagree. In *Millsap*, the supreme court held it was permissible to consider the number of victims when exercising sentencing discretion because "the existence of two victims is clearly a circumstance of the crime." 704 N.W.2d at 435. That is a permissible sentencing consideration. *See* Iowa Code § 907.5(1)(f) (providing the sentencing court shall consider the "nature of the offense committed"). *Millsap* does not hold the sentencing court should consider the separate victims' perception of the sentences. Decisions

subsequent to *Millsap* affirmed *Laffey* is still controlling authority on this point. *See State v. Howell*, No. 14-1411, 2015 WL 4468951, at *3 n.5 (Iowa Ct. App. July 22, 2015) (citing *Laffey* and stating it was improper to consider that the victim would perceive "she is being protected to the extent possible"); *State v. Pickering*, No. 14-0701, 2014 WL 5862147, at *1 (Iowa Ct. App. Nov. 13, 2014) (noting "*Laffey* tells us it is impermissible to . . . consider what a child will think of a sentence").

The State argues the distinction is mere semantics and the sentences should not be vacated merely because the district court chose to use a "rhetorical flourish" while pronouncing sentence. We disagree this is a question of semantics. The victim's perception of the sentence is not relevant to sentencing:

> This difficulty [of explaining sentencing rationale to young victims] does not go to the nature or severity of the offense; it is unrelated to the circumstances of the crime; it does not reflect on the defendant's character or propensities, or on his chances for reform or rehabilitation; and it has no bearing on the court's duty to protect the community from further offenses by the defendant or others. The fact that the court also considered other, permissible factors in sentencing the defendant does not make the court's reliance on this impermissible consideration of no consequence. *See State v. Remmers*, 259 N.W.2d 779, 784–85 (Iowa 1977); *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994). The court's reliance on an improper factor in imposing consecutive sentences constitutes an abuse of discretion and requires that we vacate the defendant's sentences and remand to the district court for resentencing.

*Laffey*, 600 N.W.2d at 62.

## III.

For the foregoing reasons, we affirm the defendant's convictions. We vacate the defendant's sentences and remand this matter for resentencing.

**CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED.**